**ROYAL NEIGHBORS OF AMERICA v. FLETCHER et al. (No. 1784.)**

(Court of Civil Appeals of Texas. Amarillo. March 30, 1921. Rehearing Denied May 4, 1921.)

**I. Adoption ⚖➝8—Instrument of adoption should be authenticated or acknowledged for registration.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1, contemplates that an instrument of adoption shall be recorded, and therefore it must be either duly authenticated or acknowledged in the manner required for the proof of deeds for registration.

**2. Adoption ⚖➝8—Instrument of adoption held invalid.**

An instrument reciting that a member of a fraternal insurance order adopted an infant, followed by the words "subscribed and sworn to before me," with the signature of a justice of the peace and ex officio notary, is not valid as an instrument of adoption, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1, in that it was not witnessed or acknowledged, so as to be admissible to registration, as in case of a deed; the jurat of the justice not reciting that it was subscribed and sworn to by the adoptive parent.

**3. Adoption ⚖➝17—Burden of proving valid adoption held on beneficiary.**

Where plaintiffs, parents of a member of an insurance order, claimed the proceeds of a benefit certificate on the ground that the beneficiary named was not the adoptive child of the member, and plaintiffs introduced an instrument of adoption which was invalid, that shifted the burden of showing a valid adoption to defendants.

**4. Evidence ⚖➝93—Party has burden of proving matter peculiarly within his knowledge.**

Where a fact is peculiarly within the knowledge of a party, and cannot, in the nature of the case, be known to his adversary, the party having the knowledge has the burden of proving that fact.

**5. Adoption ⚖➝20—Where not valid, adoptive parent not bound to support.**

Where an instrument of adoption executed by a husband was not valid, and the wife on leaving him took with her the child sought to be adopted, the husband had no authority to take the child from his wife, and was under no obligation to maintain or support it.

**6. Insurance ⚖➝771—Child not legally adopted held not a "dependent."**

Where the by-laws of a fraternal insurer provided that a dependent of a member might be named beneficiary, a "dependent" is one who is maintained by the member upon some merely legal or equitable ground, and a mere gratuitous maintenance does not satisfy the requirement; therefore, a child who was not legally adopted by the member cannot be a beneficiary, where it was removed by the member's wife

on her leaving him and the member no longer contributed to its support.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

**7. Appeal and error ⚖➝719(1)—No review of error not assigned.**

A matter not assigned as error cannot be reviewed.

**8. Interpleader ⚖➝23—Pleading ⚖➝106(2)— Answer held not to assert pendency of another suit, but to be in nature of interpleader.**

In an action against a fraternal insurer, where plaintiffs, parents of a deceased member, sought recovery on the ground that the beneficiary named was not the adopted child of the member, the insurer's answer asserting its willingness to pay its obligations under the certificate, but that the beneficiary had filed a suit in another state, and that it did not know to whom to pay the benefit, and therefore prayed that the rights of the parties be determined, was in the nature of a bill of interpleader, and did not plead the pendency of another suit; and hence, where without objection to the jurisdiction of the Texas courts over the nonresident minor the rights of the parties were adjudicated, the insurer cannot complain.

**9. Appeal and error ⚖➝151(2)—One taking position of interpleader whose substantial rights were not affected cannot appeal.**

A party cannot appeal when his substantial rights are not affected, or when he is given all the relief sought; therefore, where appellant took the position of an interpleader, admitting liability and praying a determination, and the judgment determined the rights of the claimants, it is not entitled to appeal, for a mere stakeholder cannot ordinarily appeal.

**10. Appeal and error ⚖➝151(1)—To maintain error or appeal, damage must be result from the judgment.**

To maintain writ of error or appeal, the damage must be a direct and positive one, effected by the judgment and not merely in consequence thereof.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by Mrs. Dollie Fletcher and P. G. Fletcher, her husband, against the Royal Neighbors of America and another. From a judgment for plaintiffs, the named defendant appeals. Affirmed.

Kinder, Russell & Griffin, of Plainview, and Benj. D. Smith, of Mankato, Minn., for appellant.

Williams & Martin and P. B. Randolph, all of Plainview, for appellees.

HALL, J. This is an action brought by the appellees, Mrs. Dollie Fletcher, joined by her husband, P. G. Fletcher, against the appellant, a fraternal benefit society, and Iona May Fletcher, an infant, to collect $2,000 due

under a benefit certificate issued by appellant society to Porter G. Fletcher. The case was tried by the court without a jury, and judgment for $2,000, interest and costs, and rendered in favor of the appellee Mrs. Dollie Fletcher. The petition alleges, in substance, that Royal Neighbors of America is a fraternal beneficiary society organized under the laws of Illinois; that it is doing business in the state of Texas, under chapter 7, title 71, of the Revised Statutes of Texas, and that Iona May Fletcher is a minor residing at Duncan, Okl., and has no legal guardian representing her in the state of Texas; that on the 8th of March, 1911, the society issued to Porter G. Fletcher benefit certificate for $2,000, in which his wife was named as beneficiary; that thereafter the said beneficiary died, and on the 7th day of June, 1918, the said Royal Neighbors of America issued a substitute certificate to said Porter G. Fletcher, payable in the sum of $2,000, to Iona May Fletcher, as beneficiary; that the said certificate sued on is expressly payable to "Iona May Fletcher, related to said Neighbor as daughter"; that said benefit certificate further provides, in the event of the death or disqualification of the beneficiary named therein, then, as provided in the by-laws, if such member fails to have another beneficiary named, the amount to be paid under the certificate shall be payable to the husband or wife; if no husband or wife, to his ·or her children, including legally adopted children, and, in case there are deceased children or child, the children or child of such shall take the share of such ·deceased parent; if no children or child of the'deceased children or child, to the mother, etc.; that the by-laws of the Royal Neighbors of America prescribe as follows:

"Sec. 201. *Who may be Beneficiaries.*—Benefit certificates shall be made payable only to the family, husband, wife, surviving children, including legally adopted children, as blood relations or to persons dependent upon the member whom the applicant shall specifically designate in the application."

It is further alleged that the said Iona May Fletcher was not and has never been one of the persons mentioned or included within the said section 201; that she was not a member of his family, husband, wife, surviving child, or legally adopted child, nor heir, nor blood relation, nor a person dependent upon the said Porter G. Fletcher; that the said Porter G. Fletcher is dead; that he left no widow, or children, or adopted children, or grandchildren surviving him; that the plaintiff Dollie Fletcher is his mother and next of kin, and entitled to receive the proceeds from the benefit certificate; that the Royal Neighbors of America had acknowledged its liability under the said benefit certificate, but had not made payment because it was unwilling to determine wheth-

er the said Dollie Fletcher or the said Iona May Fletcher was legally entitled to said fund; that the said Iona May Fletcher was setting up a claim to the proceeds of the benefit certificate. In its answer, the defendant, Royal Neighbors of America, admitted: That it was a fraternal beneficiary society organized under the laws of Illinois, and under said laws was organized and carried on for the sole benefit of its members and their beneficiaries and not for profit, making payment of death benefits only to the families, heirs, blood relations, affianced husband or affianced wife, of or to persons dependent upon the members. That the articles of incorporation of the society provide that "the object for which this corporation is formed is to encourage and disseminate moral principles, to promote fraternal love, to comfort the sick in time of need, and to bestow substantial benefits upon the family, heirs, blood relations, or to persons dependent upon the member." That the defendant was organized and carried on for the sole benefit of its members and their beneficiaries, and· not for profit, having a lodge system with ritualistic form of work and representative form of government, and making provision for payment of death benefits, subject to compliance by its members with the contract, rules, and laws of the society. That the fund from which death benefits are defrayed is derived from assessments collected from the members, and that payment of death benefits is made to beneficiaries coming within the classes prescribed in the statutes, articles of association, and by-laws aforesaid. That the original certificate had indorsed thereon the following request for change of beneficiary: "I, Porter G. Fletcher, the Neighbor to whom this benefit certificate was issued, do hereby surrender and request the cancellation of this benefit certificate and order that a new one shall be issued as a part of my contract with the society, in the amount of $2,000, and shall be made payable to Iona May Fletcher, related to me as daughter. [Signed.] Porter G. Fletcher. Signed in my' presence at Texline, state of Texas, this 3d day of June, 1918. Stella Steward, Recorder of Camp No. 4765, R. N. of A." That in compliance with said request for change of beneficiary the society did, on the 7th of June, 1918, issue to said Porter G. Fletcher a' second benefit certificate, which is the one herein sued on and which recites that "Royal Neighbor Porter G. Fletcher, a beneficial member of Sunflower Camp No. 4765, at Texline, Tex., while in good standing in the fraternity, is entitled to the privileges of this society and the beneficiary or beneficiaries herein named to participate in its benefit fund in the amount of $2,000, which shall be paid after death of ·said Neighbor, without interest, to Iona May Fletcher, related to said Neighbor as daughter." The defendant,

Iona May Fletcher, through her guardian ad litem, filed a plea to the jurisdiction of the court and an answer, consisting of a general demurrer and general denial. The court found, among other facts, that Iona May Fletcher was not the legally adopted child of the said Porter G. Fletcher, and was disqualified from taking the benefits under said benefit certificate; was not dependent upon the said Porter G. Fletcher and was not a member of his family at the time said policy was issued, nor at the time of his death, and had no insurable interest in the life of Porter G. Fletcher; that Dollie Fletcher, his mother, was his next of kin. The evidence discloses that in 1915 Porter G. Fletcher and his wife, having no children of their own, procured an infant child three days old at Fort Worth, Tex., and that soon after the following instrument was filed with the county clerk of Dallam county, and duly recorded in the deed records of said county:

"File No. 10478.

"Adoption.

"Texline, Texas, Feb. 27, 1915.

"To Whom it may Concern: This is to certify that I, the undersigned, have adopted a child, said child being named Iona May Milton. The said child to have all the rights and privileges of one that should be of blood relation. This is to be extended in the way of education, inheritance or any other way advantageous to the said child.

"Given under my hand this the 27th day of February, 1915. P. G. Fletcher.

"Subscribed and sworn to before me this 27th day of February, 1915. Johnson Allen, Justice of the Peace and ex Officio Notary Public, Dallam county, Texas. [Seal.]"

This instrument is indorsed:

"Filed for record March 1, 1915, at 8:00 o'clock, a. m., and recorded March 1, 1915, at 4:00 o'clock, p. m.

"Roy W. Thompson, County Clerk."

It is shown that Porter G. Fletcher and his wife separated about two years before his death, and that the wife had given the child to her sister, Mrs. Tucker, in Oklahoma, before the separation, because she was not able to take care of it. At the time the certificate was issued Fletcher was at San Antonio in Y. M. C. A. work with the army, and the child was then and had for more than a year been with Mrs. Tucker in Oklahoma. That about a year before the death of the wife she had a paralytic stroke and went to the home of her sister, Mrs. Tucker, and took the child, Iona May, who was then about two years old, with her, so that Mrs. Tucker could care for her and the child. Porter G. Fletcher died in June, 1918. The last eight months before his death he lived with his father and mother as one of their family, at Plainview, and died at their home. P. G. Fletcher, the father of Porter G. Fletcher, testified that at the time the certificate was issued he had his son's word for it that the son was not contributing anything to Iona May's support; that he had looked over the statements and checks left by his son and found no evidence in them that he had ever contributed anything to the support of Iona May during the time he lived with his parents. Mrs. Fletcher, the plaintiff, said that after her son came to her home she could not see where he had contributed anything to the child's support; that he told her about most of his affairs.

[1, 2] The first question to be considered is, Was Iona May Milton the legally adopted daughter of Porter G. Fletcher? It is said in Jordan v. Abney, 97 Tex. 296, 78 S. W. 489:

"The mere contract [with the child's parents] to adopt, followed by the assumption and performance of the duties of parent and child and the execution of adoption papers not filed for record, * * * do not comply with the statute regulating adoption and do not establish the right of inheritance thereby provided as a consequence of lawful adoption. This right arises by operation of law from the acts of the parties made in compliance with the statute and does not depend on or arise from contract."

Article 1, title 1, V. S. C. S., is:

"Any person wishing to adopt another as his legal heir may do so by filing in the office of the clerk of the county court of the county in which he may reside a statement in writing, by him signed and duly authenticated or acknowledged, as deeds are required to be, which statement shall recite, in substance, that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office."

This article of our statute contemplates that the instrument of adoption shall be recorded. Before it can be admitted to record it is to be either duly authenticated or acknowledged in the manner required for the proof of deeds for registration. Deeds may be admitted to registration when (1) they are acknowledged before a proper officer by the grantor and certified in substantial compliance with articles 6800–6805, V. S. C. S.; or (2) when proven by one or more subscribing witnesses, in accordance with some one of the several methods prescribed by the other articles of title 118, chapter 2, V. S. C. S. When instruments are not acknowledged by the grantor, but are proven by subscribing witnesses, under the statutes, they are held to be as duly authenticated as if they were acknowledged in the manner required by the statute, and are then identified, entitled to credit, and admissible in evidence. 1 Bouvier's Law Dictionary, 292; 1 Words and Phrases, 645. The instrument here, purporting to be signed by Porter G. Fletcher, is neither acknowledged nor proven by subscribing witnesses. The jurat of the justice of the peace does not even recite that it was

subscribed and sworn to by P. G. Fletcher. It is simply the ex parte affidavit of a third party, and as such is not admissible in evidence. Halliday v. Lambright, 29 Tex. Civ. App. 226, 68 S. W. 712. It does not even substantially comply with the statutory requirements, and we think the rule in this state is that the statute must be strictly complied with. The case of J. M. Guffey Petroleum Co. v. Hooks, 47 Tex. Civ. App. 560, 106 S. W. 690, does not hold otherwise. There the instrument by which the child was adopted was duly executed and filed, but was not recorded by the clerk. The court held that this was a substantial compliance with the statute. In the case of Thompson v. Waits, 159 S. W. 82 (writ of error refused), it is said:

"Adoption is unknown to the common law. It is purely statutory, and, as the alleged adoption was not in compliance with the statute, appellee was never adopted by the Jacksons, or either of them."

In that case the Jacksons sought to limit the extent of the estate to be taken by the child adopted. In the case of Sarazin v. Union R. Co., 153 Mo. 479, 55 S. W. 92, cited as authority in the Thompson-Waits Case, it is held that because the deed of adoption was not acknowledged strictly in accordance with the statute it was absolutely void. The case of Furgeson v. Jones, 17 Or. 204, 20 Pac. 842, 3 L. R. A. 625, 11 Am. St. Rep. 808, also cited in support of the court's holding in the Thompson-Waits Case, holds that—

"The right of adoption, then, being in derogation of common law, is a special power conferred by statute, and the rule is that such statutes must be strictly construed."

The Supreme Court said, in Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1009, that—

"An agreement with the father of a child to adopt it, but without complying with the requirements of the statute, is not an adoption."

In support of its contention that the minor has been legally adopted, appellant society cites Masterson v. Harris, 179 S. W. 284. While the deed of adoption in that case is not acknowledged, it is attested by two subscribing witnesses, and the finding of the court with reference to it is that it was "in all respects duly executed in accordance to the provisions of the act of 1850." We must conclude from this recital that its authentication was effected by proof duly made by the subscribing witnesses. The Supreme Court seems to have so considered it. Masterson v. Harris, 107 Tex. 73, 174 S. W. 576 (4–6). In the case of Powell v. Ott, 146 S. W. 1019, it is held that the burden is on the party adopted to prove compliance with the statute.

[3, 4] In the instant case the plaintiff assumed the burden of proving that Iona May had not been legally adopted, and to establish the fact introduced in evidence a certified copy of the instrument quoted above. If we admit that the burden was upon her as to this issue, she has made a prima facie case by the introduction of the purported deed of adoption, and if by any other instrument Iona May had been legally adopted, the burden shifted to the appellant. The appellee's allegation that Iona May had not been legally adopted was a negative one, and she is required to establish that fact by prima facie evidence. Herndon v. Heirs of Kuykendall 58 Tex. 349; 2 Jones on Ev. § 181. If Iona May had been legally adopted by another deed of adoption duly executed, that fact was peculiarly within the knowledge of the appellant and the minor, and the burden rested upon them to establish it. Rowe v. Colorado & S. Ry. Co., 205 S. W. 731.

[5] It cannot be seriously contended that Iona May was a member of Porter G. Fletcher's family after he had separated from his wife, and she had taken the child with her to live with her sister, Mrs. Tucker, in Oklahoma, and had, after she had sufficiently recovered from the stroke of paralysis to speak, given the child to her sister, with the request that the child take the name of Tucker. Since Porter G. Fletcher had not legally adopted the child, he had no authority in law to take her from the possession of either his wife or Mrs. Tucker, and during this time he was under no obligation to maintain or support it.

[6] The only other condition, according to the benefit certificate under which the appellee could have recovered, is proof of the fact that Iona May was dependent on Porter G. Fletcher.

"A dependent, as the term is used in reference to persons who may be named as beneficiaries in a benefit certificate, is one who is sustained by another or relies for support upon the aid of another. The law does not undertake to prescribe just what degree of dependence is necessary. The test in each case should be good faith, purity of purpose, material dependence, and material support. It has been said, however, that the dependence required is one resting upon some moral, legal, or equitable ground, not a dependence which is only a matter of favor, which is founded upon the mere whim or caprice of the member and which may be cast aside by him, without violating any legal or moral obligation. Therefore, one is not a dependent merely because the member has been in the habit of gratuitously furnishing a portion of the support of such person." 14 R. C. L. p. 1385.

We may presume that Porter G. Fletcher contributed to the support of the child before the separation, but there is no evidence in the record that he ever contributed anything to that end afterward. He was not legally entitled to the custody of the child, nor was he legally bound for its support, and after he

had been deprived of the companionship and care of the child by the joint action of his wife and her sister, Mrs. Tucker, no moral obligation rested upon him to contribute to its support further than as a mere matter of favor. After his return from service in the Y. M. C. A. work at San Antonio, he made his home with his mother and father at Plainview, Tex., apparently assuming the position in his father's family which he had occupied prior to his marriage. His father testified that he had never contributed anything to the support of the child during his eight months' residence with them immediately preceding his death, and while on cross-examination it was developed that the father had no direct proof of the fact, the matter is one lying peculiarly within the knowledge of the appellant, and comes within the rule announced in the Rowe Case, supra.

We are informed by the brief that it was prepared by nonresident counsel, which probably accounts for the fact that none of the assignments or propositions thereunder are followed by separate statements, as required by the rules of Texas courts. We are referred, under most of them, to the preliminary statements in the brief. This statement is meager, does not quote from the statement of facts at length, and, as we have found by comparing it with the statement of facts, does not fully reflect the record. The court found that the deed of adoption was not legal; that Iona May was not a member of Porter G. Fletcher's family and was not dependent upon him, and the evidence is sufficient to sustain the findings. Some question was raised in the trial court by appellant's pleading with reference to the court's jurisdiction over Iona May Fletcher, and in the argument contained in appellant's brief reference is made to the fact that Iona May Fletcher had sued appellant society in Oklahoma and recovered a judgment for $2,000 in that jurisdiction. The judgment in this case recites:

"It is therefore ordered, adjudged, and decreed by the court that the defendant, Iona May Fletcher, is not entitled to any benefits under the benefit certificate set out in plaintiff's petition, * * * and is not entitled to any of the moneys payable under or because of said certificate."

Appellant society alone appealed from that part of the judgment decreeing a recovery against it in favor of Mrs. Dollie Fletcher, and did not make Iona May Fletcher an obligee in the appeal bond. In its answer the society alleges:

"This defendant further says that it has at all times been, and is now, ready and willing to pay its obligations under said certificate, but that the said Iona May Fletcher has filed a suit by next friend or guardian, in the state of Oklahoma, upon said certificate, asserting ownership of said debt and obligation under said certificate, and defendant does not know to whom to pay said benefit. Wherefore defendant prays the court that upon hearing hereof the rights of Mrs. Dollie Fletcher and Iona May Fletcher and their claim to said benefit be determined and declared, in order that the defendant may pay same to the proper party, and that it recover all its costs in this behalf expended and for all other relief, both special and general, to which it is entitled in law."

[7-10] Appellant's brief contains no assignment based upon any action of the court with reference to the exercise of jurisdiction over Iona May Fletcher, and therefore that is a question which we cannot consider. The above-quoted paragraph from the answer cannot be construed as a plea that there is another suit pending in another court between the same parties upon the same cause of action, and appellant asked no relief upon that ground. The trial court was not requested to postpone or stay this proceeding until the matter had been adjudicated in the Oklahoma courts, and there is no assignment relating to the matter presented here. The quoted paragraph is, in effect, a tender of the amount due upon determination by the court to whom it shall be decided it is payable and a prayer that appellant be protected from a double recovery. The judgment, as entered, is against appellant in favor of Mrs. Dollie Fletcher, and decrees that Iona May Fletcher recover nothing. This is as far as the trial court could go under the pleading, and grants to appellant all of the relief prayed for and requested in that court. Upon this state of the record a question arises as to the right of appellant to appeal from a judgment which decrees it all the relief prayed for. The contentions urged here by appellant might have been appropriately presented and urged by Iona May Fletcher, but, as above stated, she has not appealed, is not made an obligee in the bond, and has filed no brief in this court. As we view the case, appellant is not aggrieved by the judgment. A party cannot appeal when his substantial rights are not affected. If the decision is correct, in so far as his interests are concerned, and he is given all the relief he prays for, he should not be heard to complain in the appellate court, however erroneous the judgment may be as to the rights of other parties not appealing. 3 C. J. 491, 632.

"The damage or grievance contemplated, as well by our statute as by the common law, which entitles the parties to a writ of error, is a direct and positive one, effected by the judgment concluding and acting upon the rights of the party. The damage must be by the record, not in consequence of it. Another rule is that the plaintiff in error must be entitled to restitution of the thing lost by the record. Law of Errors, 3, 4." Black v. Kirgan, 15 N. J. Law, 45, 28 Am. Dec. 394.

In this case appellant, by its pleading, has placed itself in the attitude of a mere stake-

holder, and the right to appeal is generally denied to one in that position. 3 C. J. 625. In Durst v. Lewis, Dall. Dig. 546, the appellant was trustee for both plaintiff and defendant in the court below, and it was held he had no such interest in the matter in controversy as entitled him to represent the rights of one as against the claims of the other. Hawley v. Whitaker, 33 S. W. 688; Baughn v. McKee, 124 S. W. 732; Alama Ice Co. v. Yancey et al., 66 Tex. 187, 18 S. W. 499. In our opinion, the appellant is not entitled to appeal. However, to so hold and summarily dismiss the proceeding from this court would, if we are in error in this, result in delay and such confusion that we have decided it would be better to consider the appeal upon its merits.

In doing so we have found no reversible error, and the judgment is affirmed.