## Hugh E. Dixon v. Leopoldo Sanchez.

No. 6572.   Decided March 4, 1936.
Rehearing overruled April 8, 1936.
(91 S. W., 2d Series, 325.)

*D. A. McAskill* and *David C. Brown,* both of San Antonio, for plaintiff in error.

*W. C. Douglas,* of San Antonio, for defendant in error.

Mr. Judge HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Hugh E. Dixon sued Leopoldo Sanchez for commissions claimed to have been earned by him in procuring the sale of certain lands belonging to Sanchez situated in the Republic of Mexico.   Sanchez filed an answer to the petition consisting of a special exception and certain special pleas.   No general denial was interposed.   In his answer he acknowledged that he owed a commission on the transaction, but was in doubt as to whether Dixon was entitled to any interest therein.   Accordingly, he impleaded W. P. Wickline and A. W. Wormser and called upon them to assert their claims with that of Dixon so that their rights might be adjuciated.   The answer did not ad-

mit the amount of the claim of Dixon, but contained an allegation that the land was paid for in part in exchange of other property, and that, as to the value of the property taken in exchange, the commission should be 2½ per cent instead of 5 per cent. Wickline filed an answer disclaiming any interest. Wormser filed an answer joining issues with Dixon. The case was submitted to a jury upon special issues, to which it returned answers favorable to Dixon. Judgment was accordingly rendered in his favor against Sanchez for the full amount sued for with interest. As to Wormser and Wickline it was decreed that they take nothing. From this judgment Sanchez alone prosecuted an appeal to the Court of Civil Appeals, which court reversed the judgment of the trial court and remanded the cause thereto. 59 S. W. (2d) 425.

■■ Sanchez having admitted liability for a commission and having impleaded Wormser and Wickline, placed himself in part in the attitude of a stakeholder. The general rule is that a stakeholder is denied the right of appeal. He cannot object to rulings on issues between claimants, for his rights are not affected thereby. Graham Refining Co. v. Graham Oil Syndicate, 262 S. W., 142; Royal Neighbors of America v. Fletcher, 230 S. W., 476; 3 C. J., p. 625, Sec. 481. In this case, however, Sanchez by his answer did not admit the amount of Dixon's claim. He is therefore in a position to complain of the judgment of the trial court in that one particular. His pleading did not present the questions discussed in the opinion of the Court of Civil Appeals. By an inspection of the brief filed by him in that court it is revealed that he was there claiming that the judgment was excessive. That question is one of fact over which we have no jurisdiction. It appears that the Court of Civil Appeals has not passed upon the assignment presenting it. We, therefore, deem it advisable to remand the cause to that court for the purpose of having it pass upon that one question.

It is our order that the judgment of the Court of Civil Appeals be reversed and the cause remanded thereto, with instructions to affirm the judgment as between all parties except Dixon and Sanchez at all events and to make such disposition thereof as between these two parties as its ruling on the question of excessiveness may require.

Opinion adopted by the Supreme Court March 4, 1936.
Rehearing overruled April 8, 1936.