# JANUARY, 1937

MRS. LUCILLE MAREK V. SOUTHERN ENTERPRISES
INCORPORATED OF TEXAS.

No. 6739.   Decided December 9, 1936.
Supplemental opinion filed December 30, 1936.
Rehearing overruled January 13, 1937.
(99 S. W., 2d Series, 594 and 597.)

*Caldwell, Gillen, Francis & Gallagher,* of Dallas, for plaintiff in error.

Where defendant at the time of plaintiff's injury had employed five or six ushers and three policemen and witness on stand testified that he could not remember the names of the policemen, but admitted that they could probably be found on the record of the theatre, it was not error for the attorney in his argument to observe that defendant "must have forgotten the names of those policemen and could bring them down here." Neither was it error to argue that if the ushers were produced they would have to say "that they had the explosions in the theatre and that it was just a rough house." Gray v. Burk, 19 Texas, 228; Houston Belt & Ter. Co. v. Davis (writ refused), 19 S. W. (2d) 77; Houston, E. & W. T. Ry. Co. v. Sherman, 42 S. W. (2d) 241 (Com. App.).

*W. B. Handley* and *C. J. Schaeffer,* both of Dallas, for defendant in error.

On argument of counsel cited San Antonio Pub. Ser. Co. v. Smuth, 57 S. W. (2d) 179; Robbins v. Wynne (Com. App.), 44 S. W. (2d) 946; Proctor v. Cisco & N. E. Ry. Co. (Com. App.), 277 S. W., 1047.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Since applications for writs of error were granted on behalf of both parties, they will be referred to as in the trial court, wherein Mrs. Marek was plaintiff and Southern Enterprises Inc. of Texas was defendant. In the trial court plaintiff recovered judgment against defendant for damages for personal injuries sustained by her while a patron at a theatre conducted by defendant in Dallas, known as Palace Theatre. The Court of Civil Appeals reversed that judgment on the sole ground of the improper argument of one of plaintiff's at-

torneys. 68 S. W. (2d) 384. Plaintiff's application for writ of error was granted on an assignment challenging the correctness of that ruling and the defendant's application was granted because of the granting of the other one.

The facts show that plaintiff became a patron of the theatre about midnight on December 31, 1931, for a New Year's Eve performance. Shortly after she and the other members of her party were seated some unidentified persons in the theatre began throwing firecrackers and torpedoes promiscuously over the auditorium. One such torpedo or firecracker exploded near plaintiff's head causing her to suffer, among other injuries, the loss of hearing of one ear. Both the pleadings and the jury findings are set out in considerable detail in the opinion of the Court of Civil Appeals and will not be here repeated. Justice Higgins has written an admirable opinion on the contentions of defendant, 1st, that plaintiff's petition was subject to a general demurrer, and 2nd, that the trial court should have peremptorily instructed the jujry to return a verdict in favor of defendant. Ordinarily we would not find it desirable to add anything thereto, but in the light of the arguments advanced by defendant in this Court, it seems appropriate for us to write briefly thereon.

■ While the plaintiff's petition is drawn in rather general terms, we think that, as against the general demurrer and special exceptions leveled against it, same is sufficient to charge that the defendant was negligent in not taking the proper precaution to prevent plaintiff's injury after the exploding of firecrackers and torpedoes started in the theatre. That was the theory of liability submitted to the jury in the trial court.

Those who conduct places of public amusement to which an admission fee is charged owe the duty to exercise ordinary care for the safety of their patrons. The relationship of proprietor and patron gives rise to that duty. Although the proprietor may be guilty of no negligence in regard to a danger in its incipiency, still, if after it arises he has time to prevent injuries to his patrons, it is his duty to exercise ordinary care to do so. His duty differs from that of a carrier of passengers only in the degree of care required. Independent of authorities, sound reason would dictate the rule. But authorities are not lacking. Those cited by the Court of Civil Appeals support it, to which may be added Moone v. Smith, 6 Ga. App., 649, 65 S. E., 712.

We have made an independent investigation of the testi-

mony and, while conceding that, on the question of whether defendant could have prevented plaintiff's injury by the exercise of ordinary care after it knew that the throwing of torpedoes and firecrackers had started in the theatre, it is rather meager, still we are unable to say, as a matter of law, that the record is bare of any evidence on the question. There is evidence that the throwing of fireworks had gone on for several minutes before plaintiff was injured, and that defendant did nothing to stop the practice or to protect its patrons from dangers arising therefrom. There is also evidence tending to show that the theatre was in practical darkness, and that after the throwing of fireworks started no lights were turned on and no remonstrance made.

■ Let it be presumed that the persons who were throwing the torpedoes and firecrackers knew that they were committing acts in violation of the penal statutes of the State and penal ordinances of the City of Dallas. That fact would not relieve the defendant of liability. It owed the same duty to protect its patrons from unlawful acts as it did to protect them from boisterous conduct of others not defined as a penal offense. To our minds the fact that the persons throwing these dangerous fireworks knew that their acts were unlawful constitutes some evidence tending to show that, had defendant turned on the lights and remonstrated with them, such throwing would have stopped. We think the jurors had the right, in the exercise of their best judgment based upon their common knowledge and experience, to conclude that, had the lights been turned on, so that the guilty persons could have been seen and identified, they would have desisted from their unlawful conduct. The question presented is one calling for the exercise of the judgment of the jury and is not a question of law for the determination of this court.

Defendant filed numerous objections to the court's charge covering about 15 pages of the transcript. Some of them are couched in general language and are not brought forward in the application for writ of error. We have considered all of them which have been brought forward, but find it necessary to mention but one. Special Issues Nos. 4, 5 and 6, with the jury's answers thereto, were as follows:

"Special issue No. 4. Do you find from a preponderance of the evidence that upon the occasion in question the defendant, its agents and employes, after such knowledge, if any, and prior to plaintiff's injuries, if any, permitted persons in said

theatre auditorium to continue throwing torpedoes and fireworks without interference or admonition? Answer yes or no.

"Answer: Yes.

"If you have answered Special Issue No. 4 'Yes' and in that event only, you will answer the following issue:

"Special Issue No. 5. Do you find from a preponderance of the evidence that such failure, if any, you have found in answer to the preceding issue, was negligence, as that term has been herein defined? Answer yes or no.

"Answer: Yes.

"If you have answered Special Issue No. 5 'yes' and in that event only, you will answer the following issue:

"Special Issue No. 6. Do you find from a preponderance of the evidence that such negligence, if any you have found in answer to the preceding issue, was a proximate cause of the injuries, if any, sustained by the plaintiff? Answer yes or no.

"Answer: Yes."

This objejction was made to Special Issue No. 4:

"The issue is further erroneous because it assumes and charges the jury that after the first firecracker or torpedo was thrown there were things which the defendant could or should have done and had such things been done the persons who were throwing firecrackers or torpedoes would have refrained from further such acts, and the issue is further erroneous because it informs the jury and so charges that after the first firecracker or torpedo was thrown or exploded there elapsed between that time and the time plaintiff was injured a sufficient length of time for defendant to have prevented the throwing of the identical firecracker or torpedo which injured plaintiff, or that there elapsed between the time the first torpedo or firecracker was thrown and the time plaintiff was injured a sufficient length of time during which defendant ought to have and should have, under the law, prevented the throwing of the identical torpedo or firecracker which injured the plaintiff."

■ The issue is not subject to the objection made. It assumes nothing, but merely calls upon the jury to determine a fact. Whether or not a sufficient time elapsed between the first explosion and the infliction of the injury for the defendant to have prevented same, is not at all assumed in the issue. The finding in answer to Special Issue No. 6 that the negligence of defendant in permitting persons in the theatre to continue throwing torpedoes and fireworks without interference or admonition was a proximate cause of the injuries, is a finding

that, had it interfered and admonished, the injury would not have occurred. The situation presented brings this case within the general rules of law governing emergencies. It may be that had a request been made for a more specific submission of the time element than is embodied in the issue submitting proximate cause, the court would have been under the duty of submitting same; but we do not pass on that question, because it is not presented. The objection is, in substance, that the charge assumes the time element. That objection cannot at all be treated as an exception to the action of the court in refusing to submit a requested special issue covering that element.

■ We come now to consider the question upon which the Court of Civil Appeals reversed the trial court's judgment. One of plaintiff's counsel in the course of his address to the jury employed this language:

"Did he (Weatherford, manager) call the police? No, the police were there and they must have forgotten the names of those policemen and could not bring them down there. Do you remember, gentlemen of the jury, that Mr. Boyd gave them the names of two of them; Abbott was one of them.' He further stated: 'By the way, Gentlemen of the Jury, did you notice that Neal Kearby was the only usher that was on the inside of the theatre that night that they brought down here to the stand to testify. Where are these other ushers who were in there that night? All right, gentlemen of the jury, don't you know some of those ushers are still working over there at that theatre? Don't you know as men of experience and men of the world that if these other ushers could do them any good consistent with their solemn oath, they would have them here? The conclusion is conclusive that if these other ushers, if they came here and took the oath, they would have to say they had the explosions in that theatre, and that it was just a rough house, like Forbes and Vincent and Boyd and Davis testified it was."

We are not in agreement with the Court of Civil Appeals that this was improper argument requiring a reversal of the trial court's judgment. The policemen and the ushers were all employees of defendant on the night plaintiff was injured and were on duty in that theatre. It was a legitimate inference to be drawn from the evidence that, at least, some of these employees who were not called to testify were available as witnesses at the time of trial, although not all of them were then in the employment of defendant. Legitimate inferences from

the testimony do not fall in the category of improper argument. Counsel may properly comment on the absences of witnesses when they are shown to be in possession of facts material to the inquiry and when it is shown, or may be reasonably inferred from the evidence, that they are available to be called by the defaulting party. Missouri Pacific Ry. Co. v. White, 80 Texas, 202, 15 S. W., 808; Houston E. & W. T. Ry. Co. v. Boone, 105 Texas, 188, 146 S. W., 533; Houston E. & W. T. Ry. Co. v. Sherman (Com. App.), 42 S. W. (2d) 241; 22 C. J., pp. 115 and 116, Sec. 56; 17 Texas Jur., p. 302, Sec. 86.

The judgment of the Court of Civil Appeals will be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court December 9, 1936.

### SUPPLEMENTAL OPINION.

In the preparation of our original opinion herein we overlooked the fact that in the Court of Civil Appeals defendant challenged the judgment for excessiveness. The opinion of the Court of Civil Appeals disposes of that question in this language:

"The assignment complaining that the award of damages is excessive need not be considered in view of reversal for the error to be next considered."

It thus affirmatively appears that that court has not passed upon the question. Since it is one of fact, we have no jurisdiction to pass upon it. We, therefore, of our own motion set aside the judgment heretofore rendered in this cause and in lieu thereof direct the entry of the following:

The judgment of the Court of Civil Appeals is reversed and the cause is remanded thereto with the instruction that it pass upon the question of excessiveness and make such disposition of the case as its ruling thereon may require. Dixon v. Sanchez (Com. App.), 91 S. W. (2d) 325.

Opinion adopted by the Supreme Court December 30, 1936.

Rehearing overruled January 13, 1937.