MRS. A. R. LOWRIMORE ET VIR V. MRS. LESSIE J. SANDERS ET VIR.

No. 6822.  Decided April 14, 1937.
Rehearing granted June 9, 1937
(103 S. W., 2d Series, 739; 106 S. W., 2d Series, 266.)

*Grisham Bros.*, of Eastland, for plaintiffs in error.

It was not error for the trial court to overrule appellants' objections to the improper argument of counsel, which consti-

tuted a retaliatory reply to improper argument on the part of opposing counsel, and in failing to instruct the jury not to consider said argument. Humphreys v. Roberson, 52 S. W. (2d) 932; Allen v. Texas & N. O. Ry. Co., 70 S. W. (2d) 758; Russell v. Martin, 121 Texas 488, 49 S. W. (2d) 699.

Defendants, having accepted their bill of exceptions with the qualification annexed thereto by the trial court, are bound by the statements therein. San Antonio Trac. Co. v. Settle, 104 Texas 142, 135 S. W. 116; Nicholson v. Nicholson, 22 S. W. (2d) 514.

*W. S. Adamson* and *L. R. Pearson,* both of Ranger, for defendants in error.

It is the duty of the Supreme Court to sustain the judgment of the Court of Civil Appeals on any assignment of error urged in that court, if possible, and if not possible to remand the case to that court with instructions to consider the assignments of error raising the issue of excessiveness of the judgment of the trial court. American Product Co. v. Gonzales, (Com. App.) 1 S. W. (2d) 603; Johnson v. Newberry, (Com. App.) 267 S. W. 476.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

A judgment for damages as a result of an automobile collision was reversed and remanded on account of an allegedly improper argument by plaintiff's counsel. Sanders v. Lowrimore, 73 S. W. (2d) 148.

Writ of error was granted because of this holding.

The bill of exception presenting this matter is in part:

" * * * the plaintiff's attorney, R. N. Grisham, in his closing argument made the following statement in the presence and hearing of the jury: * * *

" * * * the facts show that Mr. Lowrimore has a crippled wife on his hands and they show that he is broke and owes the hospital a large sum of money with an old father to support. * * *

"The above bill of exception is approved with the following qualification: It had been contended by counsel for the defendant in their arguments that Mrs. Lowrimore was not greatly injured but that her injury was minor in character, her damage small, and that she might soon recover. Counsel for defendants had also argued that their client was unable to respond in a judgment for a large amount, or for any amount; that

she was not able to pay a thousand dollars, etc. The argument as made by counsel R. N. Grisham was in reply to such argument and other arguments made by counsel for defendants along the same line."

1  This bill with the annexed qualification was accepted as true and correct by counsel for defendant in the trial court and by them filed. That defendant is therefore bound by same has been too ofttimes decided to need any discussion.

2  The holding of the Eastland Court of Civil Appeals is believed by us to be in conflict with prior decisions of this Court upon the point under discussion. Each counsel went out of the record to improperly discuss the poverty of his respective client, defendant's counsel being the first offender. In response thereto, or at least provoked thereby, counsel for plaintiff made the argument complained of, according to the trial judge's qualification. The arguments are related one to the other, and are of the same nature. According to this bill, counsel for defendant first inflicted upon the plaintiff the same identical wrong which she now complains of as an injury to herself. Having brought about the situation which provoked the language complained of, she is in no position to ask for relief. The question is foreclosed by the following authorities: Corn v. Crosby Cattle Co., 25 S. W. (2d) 290; International & G. N. R. Co. v. Goswick, 83 S. W. 423, affirmed 98 Texas 477, 85 S. W. 785; International & G. N. R. Co. v. Davison, 138 S. W. 1162; Texas & P. R. Co. v. Garcia, 62 Texas 285.

3  In this case the trial court defined proximate cause as follows:

"The term 'proximate cause,' as used in this charge, means the moving or producing cause that brings about an event or happening and without which such event or happening would not have occurred; that is, an act becomes the proximate cause of an event or happening whenever such event or happening is a natural and probable consequence of the act in question and is such a consequence as ought to have been foreseen by a person in the exercise of ordinary care in the light of attending circumstances."

This charge was objected to because it did not include the element of a new and independent cause, it being argued that the facts raised the issue of "new and independent cause." Such facts are in substance: that the plaintiff was at the time of the accident negligently attempting to pass another car at a speed of twenty-five miles per hour and was negligently at-

tempting to negotiate a winding road without having her car under control. The question raised has been the prolific source of much discussion and some contrariety of opinion, but is now definitely and clearly settled by the case of Young v. Massey, 95 S. W. (2d) 542, affirmed 128 Texas 638, 101 S. W. (2d) 809. We quote from these cases in the order named:

"We agree with the appellee that the court did not err in refusing to define the term 'proximate cause,' as contended for by the appellant, since there was no evidence in this instance raising the issue or issues upon which such contention is based, there being no evidence whatever of any new or independent cause for this collision, it conclusively having been brought about by the negligence of one or the other of only the two parties thereto, * * *."

"In spite of the above rules, it is a fact, as well as a rule of law, that all cases of negligence do not involve the question of new and independent cause. In such cases it is not necessary in defining proximate cause to include and define new and independent cause. Phoenix Refining Co. v. Tips, supra. In this connection we hold that if the evidence does not raise an issue of new and independent cause, it is not necessary to include the term in the definition of proximate cause.

"From what we have said supra, it is evident that the question as to whether this charge on proximate cause is defective in the respect under consideration must turn on the further question as to whether the evidence contained in the record raises the issue of new and independent cause. When we come to examine the record in this regard, we are convinced that, when the evidence is considered in its most favorable light for Young, no such issue is involved. If the evidence on behalf of Young is to be believed, Paul Massey's bicycle slipped in some way, and he was thereby thrown under or in front of the truck. If the evidence on behalf of the Masseys is to be believed, Paul Massey was struck by the truck and knocked down. Such a record simply presents a question as to how the accident happened. There is no issue as to whether some separate and independent agency intervened."

This is precisely the situation in the present case. The plaintiff's claim for damages is based upon the defendant's negligence; one of the defendant's defenses is the claim of contributory negligence of plaintiff, based in part upon the above acts of the plaintiff. A new and independent cause could not arise out of an affirmative act of negligence by one of these parties.

The judgment of the Court of Civil Appeals is reversed and remanded, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court April 14, 1937.

### ON MOTION FOR REHEARING.

4  It is vigorously insisted that the issue of new and independent cause was raised by the evidence. This, because of the presence at the scene of the accident of a winding road, and of a hill and bank limiting visibility. A review of the evidence convinces us that these topographic features of the terrain near and at the scene of the accident may have furnished the occasion for, but, separate and apart from the negligence of the parties to this suit, did not and could not have caused the accident within the meaning of the term "new and independent cause."

5  Our attention is called in the present motion to the failure of the Court of Civil Appeals to pass on the assignment of error questioning the excessiveness of the verdict in the present case. Such matter was properly assigned as error in that court, and not passed on. We have no jurisdiction over this question under these facts. Dixon v. Sanchez, 127 Texas 191, 91 S. W. (2d) 325; 3 Tex. Jur., p. 1197, Sec. 840.

Accordingly, the motion for rehearing is granted, and the judgment of the Court of Civil Appeals reversed and cause remanded to that court for such disposition of this case as a consideration of said assignment may require.

Opinion adopted by the Supreme Court June 9, 1937.