### SELF et al. v. BECKER et al.
### No. 6222.

Court of Civil Appeals of Texas. Texarkana.

June 21, 1946.

Rehearing Denied June 27, 1946.

702

Carney & Carney, of Atlanta, for appellants.

Joe McCasland, of Austin, for appellees.

HARVEY, Justice.

Appellees, Albert and Henry Becker, filed suit in the District Court of Marion County, Texas, against Elizabeth Self and husband, to cancel a deed embracing 63 acres of land made to Elizabeth Self on August 11, 1943, by Mrs. Emma Wehrhan, on the ground that at the time of the execution of the deed Mrs. Wehrhan was of unsound mind. From a judgment in favor of the plaintiffs, based upon a jury verdict holding that Mrs. Wehrhan did not have mental capacity to execute the deed, the defendants duly perfected an appeal.

Appellants' principal contention herein is that the evidence pertaining to the mental condition of Mrs. Wehrhan adduced on the trial of the case was insufficient to establish that she was incompetent to execute the deed in question, and that their motion for an instructed verdict, as well as their motion non obstante veredicto, should have been granted by the court. In passing upon the motions of the type presented, the trial court is governed by the test of whether or not there has been introduced on the trial of a case any testimony of such probative force as to raise an issue of fact. If so, the motion must be denied. Any inference which reasonably may be drawn from the testimony must be indulged against granting a motion for an instructed verdict. White v. White, 141 Tex. 328, 172 S.W.2d 295. It is true, beyond question, as contended by appellants, that in order to render void

an act done by a person because of mental unsoundness, the incapacity must exist at the time the act is done. Brito v. Slack, Tex.Civ.App., 25 S.W.2d 881. However, evidence bearing on mental competency is not limited necessarily to the time that the act is done. Testimony relating to the mental condition of one whose mental soundness is under investigation is admissible as of the time the act is done, prior thereto, and subsequent to the time in question. Cardinal v. Cardinal, Tex.Civ. App., 131 S.W.2d 1005. It is readily apparent that no rule can be announced that would restrict evidence of one's mental condition to any time limitations. We cannot say that an opinion as to one's sanity should be based alone on observations made on the day that the act is done, nor that one who saw the supposedly incompetent person a few hours before or after the questioned act is in better position to express an opinion than one who made observations some time more removed. As bearing upon one's mental capacity at the time a certain thing was done, his course of conduct, acts, utterances, physical condition, and anything else that would throw light upon the matter are admissible. In this case, several witnesses for appellants testified that they saw Mrs. Wehrhan on the day she signed the deed, and that they were of the opinion that she was sane; on the other hand, a number of witnesses for appellees related facts they had observed about her that convinced them that she was of unsound mind. These things summarized show that a short time before she signed the deed and thereafter, Mrs. Wehrhan, who was 82 years of age when she executed the deed here under attack, was feeble and subject to falling quite often; that she couldn't carry on a connected conversation; that she could not remember recent happenings, and did not recognize her sister and intimate friends; that she would get lost in the house, go to bed with her clothes on, could not dress herself, would gather grass burrs, and do many other irrational things. Under the evidence presented, we are of the opinion that the question of Mrs. Wehrhan's mental soundness was raised definitely as an issue for determina-

tion by the jury and their finding in respect thereto has support in the record.

 Error is assigned in that the attorney for appellees in his closing address to the jury made the following argument:

"I will now get Joe Hughes and let him testify;" "Howard Carney may represent the Phillips Petroleum Company for all I know and that is the reason he is probably interested in the lease, but that has no bearing on the merits of this particular controversy;" "Now gentlemen of the jury the case is passed on to you to pass on a fact question in controversy between these people and if the fact question hadn't been for your determination, Judge Williams would have taken it away from you and instructed a verdict."

The trial judge qualified the bill embracing the argument quoted, as follows:

"The foregoing bill of exception No. 1 having been reduced to writing by the attorney for said defendants and having been presented to the undersigned judge of said court for allowance and signature at the time the argument was made and within the time required by law and having been submitted to adverse counsel and further by him to be corrected and having been by me further to be corrected is hereby allowed and approved with the following qualification and explanation, to-wit:

"Mr. Carney, Counsel for the defendants, in his summation to jury went out of the record to say, viz.: 'I know Joe Hughes and I know if there had been any doubt about it he wouldn't have taken her acknowledgment to the oil and gas lease —Joe Hughes and Mr. Benefield were there together, good citizens of the county—I know Joe Hughes wouldn't have taken Mrs. Wehrhan's acknowledgment if there was doubt about it.'

"Then Mr. McCasland, Counsel for plaintiffs, in reply to Mr. Carney's argument said 'Mr. Carney went out of the record to tell you about Joe Hughes taking Mrs. Wehrhan's acknowledgment to an oil and gas lease—Mr. Carney knows that he is misquoting Joe Hughes and I'm willing to get Joe Hughes and let him testify on what he told Mr. Carney about Mrs. Wehrhan.

I know Joe Hughes and talked to him myself and Howard is not quoting Joe Hughes correctly.'

"Mr. Carney, counsel for defendants, in summation to jury said 'You can see gentlemen of the jury that the next thing they will do is to attack the oil and gas lease.' Mr. McCasland, counsel for plaintiff replied in summation to the jury, viz: 'Howard Carney may represent the Phillips Petroleum Company for all I know and that is the reason he is probably interested in the lease, but that has no bearing on the merits of this particular controversy.'

"Mr. McCasland, counsel for plaintiffs, said in summation to jury, viz.: 'Your honor has done his duty, as he sees it— Counsel have done their duty—Now gentlemen of the jury the case is passed on to you to pass on a fact question in controversy between these people and if the fact question hadn't been for your determination, Judge Williams would have taken it away from you and instructed a verdict. The court offered to withdraw the remarks from the jury, but the defendants' counsel replied 'No, let it go, as I'd rather have a bill on it.'

"This said bill of exception number one as herein allowed and approved and as qualified and herein explained is ordered filed by the clerk of this court as a part of the records in such cause this the 11th day of December, A.D.1945.

"Sam Williams,
"Presiding Judge and Judge of
the 76th Judicial Dist."

This court is bound by the qualifications of the bills made by the trial court which indicate that the arguments complained of were invited by counsel for appellants in his address to the jury. Keller v. Downey, Tex.Civ.App., 161 S.W.2d 803; Lowrimore v. Sanders, 129 Tex. 563, 103 S.W.2d 739. Too, if the argument made should be considered improper, appellants waived any error by reason thereof, inasmuch as no objection was made at the time the argument was made, but it was called to the court's attention after the jury had retired, or were retiring from the courtroom; the court offered to recall the jury and instruct them not to consider the statements about

which complaint was made, but the attorney for appellants declined the proposal and stated that he preferred to have a bill of exception. Unless argument is so prejudicial in nature that an instruction by the court for the jury not to consider it cannot remove its harmful effects, such an instruction by the court is presumed to remove the harm done, if any, and no reversible error is presented. King v. Federal Underwriters' Exchange, Tex.Sup., 191 S.W.2d 855; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

Two other points presented by appellants complain of the action of the court in sustaining an objection to the introduction in evidence of a timber deed and a mineral lease executed by Mrs. Wehrhan. It appears that the statement of facts does not reflect that the timber deed was offered in evidence, and no bill of exception is contained in the record relating to the court's action in regard to such an offer. Under these circumstances, this point cannot be considered. In regard to the mineral lease, it would seem that when an objection to its offer was made, appellants' counsel withdrew it. The court permitted counsel, however, to question a witness about the lease, and to develop the fact that Mrs. Wehrhan signed it after she had read it and the lease was explained to her. No error is presented by this point.

No error being apparent from the record herein, the judgment of the trial court is affirmed.