William A. RICE, Appellant,

v.

AMUSEMENT ENTERPRISES, Appellee.

No. 14922.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 16, 1970.

William H. Price, San Antonio, for appellant.

Arch B. Haston, Joe Meador, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellants appeal from a take-nothing summary judgment rendered in their suit to recover damages for injuries suffered by Eileen Rice, a minor, when she was injured in a fall while skating on a skating rink operated by appellee.

Appellants alleged that appellee was negligent in several particulars: (a) in failing to provide sufficient competent employees to maintain proper order and conduct of persons in attendance upon such skating rink; (b) in permitting persons to skate fast and recklessly, causing other patrons to fall; (c) in permitting persons to skate so fast and so close to plaintiff as to cause her to fall; (d) in failing, after commencement of such reckless skating, to warn or request such persons to refrain from such reckless and fast skating; (e) in failing to keep a proper lookout over the persons who were using the skating rink necessary for the safety of patrons of said rink.

Appellee's motion for summary judgment is based upon the pleadings of the parties and the depositions of Eileen Rice and William Moore, an employee of appellee. Appellee asserts that the trial court was correct in granting the motion for summary judgment, because as a matter of law, there is and was no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action.

■ The owner or proprietor of a place of amusement, to which the public is invited and admission is charged, owes the duty to exercise ordinary and reasonable care for the safety and protection of his patrons, although he is not an insurer of their safety. East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466 (Tex.1970); Marek v. Southern Enterprises, Inc., 128 Tex. 377, 99 S.W.2d 594 (1936); Henry v. Publix Theatres Corp., 25 S.W.2d 695 (Tex.Civ.App.—Dallas 1930, writ ref'd); 55 Tex.Jur.2d Theaters, Shows, Etc. § 13.

An owner or proprietor of a skating rink has the general responsibility to provide proper supervision of the activities on his premises, and will be held liable for his failure to do so. Annotation: Skating Rink—Injury to Patron, 24 A.L.R.3d 911, 916.

In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence must be viewed in the light most favorable to the party opposing the motion; all conflicts in the evidence are discharged, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Rackley v. Model Markets, Inc., 417 S.W.2d 89 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

Eileen Rice testified by deposition that she is thirteen years of age; that on the afternoon of the accident she and an older brother went to the skating rink together; that they obtained tickets and began skating; that she was not an experienced skater; that at the time of the accident there were approximately five people skating; that another skater, whom she did not know, was skating real fast and bothering other people on the floor, and causing them to fall; that this skater thought he was a big shot and was going in and out and scaring everybody; that he scared her and caused her to fall on two occasions; that the second time she fell, which was approximately twenty minutes after her first fall, this skater sort of sideswiped her or tapped her on her shoulder and she fell; that she landed on her arm and broke her arm; that at the time of the accident two people were working at the skating rink, one being a lady who sold tickets, and the

other being a man that passed out the skates.

William Moore testified by deposition that he worked part time at the skating rink, and was working on the afternoon of the accident; that on such occasion he was the rink guard, and that it was his job to issue skates, keep an eye on the people on the floor, and enforce the regulations of the skating rink; that the only other person working at such time was Mrs. Freddie Phillips, who was working at the snack bar, which is separated from the skating area by a glass partition through which the skating floor can be observed; that on the afternoon of the accident he recalled taking tickets from Eileen and her brother; that there were two or three other persons skating at the time of the accident; that no one told him that anyone was skating recklessly or too fast, nor did he observe anyone so doing; that he did not see the little girl fall.

In opposition to appellee's motion for summary judgment, appellants filed an affidavit of Michael Rice, the brother of Eileen. He stated that on November 21, 1969, he went with his sister Eileen to the skating rink at Lackland at approximately 5 o'clock in the afternoon; that they were among the first to be out on the floor; that when they started skating, there were about three others who were skating; that his sister and these skaters were skating on the main skating area, and he was skating on the practice area from where he had a clear view of the floor; that after they had started skating another man came on the floor, who skated extremely fast, and was very reckless in his skating; that once or twice he caused other skaters to fall by either bumping into them or by skating too close to them; that once before the accident in which Eileen suffered her injuries, such skater had caused Eileen to fall by either bumping into Eileen or skating very close to her; that this particular man was skating much faster and more recklessly than he had seen anyone on any skating rink be allowed to by the proprietor of a rink; that no one ever attempted to stop this man from such skating and from bumping into other people; that this man caused Eileen to fall a second time by either bumping into her or skating so close to her that he caused her to fall; that he then went out on the skating rink to help her and discovered that she had a broken arm; that on such occasion he saw only two people working at the skating rink, one being a lady who was busy working around the snack bar, and who either was not paying any attention to the persons using the skating rink, or made no effort to remedy the bad situation that existed on the floor; that the other person working was a young man whose name he believed to be Willie Moore, who was working in the area where skates are fitted, and who was not paying any attention to the activity upon the skating rink, or who was not making any effort to correct the dangerous situation occurring upon the skating rink floor; that one skater was clearly molesting the other skaters on the floor by skating very fast, close to them, and bumping into them; and that no one working for the skating rink made any attempt to stop him.

Appellants in their pleadings raised the issue of improper supervision of the skating rink premises. Accepting as true all evidence which tends to support appellants' position and giving them the benefit of every reasonable inference which properly can be drawn therefrom, which we must do in a summary judgment proceeding, we hold that a genuine issue as to a material fact is presented under the pleadings, the depositions on file, and the opposing affidavit filed by appellants. Under the record, a summary judgment was not justified. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

The judgment of the trial court is reversed, and the cause remanded for a trial on the merits.