**LEWIS et ux. v. HALBERT et al.**

No. 1193.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1933.

Rehearing Denied Jan. 19, 1934.

Thomas R. Smith and Thompson & Barber, all of Colorado, for appellants.

John T. Suggs, of Denison, for appellees.

HICKMAN, Chief Justice.

In accordance with the provisions of Vernon's Ann. Civ. St., article 2687a, enacted at the First Called Session of the Forty-First Legislature (1929), chapter 42, the trustees of Conaway school district No. 23, Mitchell county, entered into a contract with Lynn Halbert, principal of the school, for the latter to drive a bus owned by the school district for the transportation of children to and from school. By the terms of the contract, the trustees agreed to furnish, and the facts disclose that they did furnish, the bus operated by Halbert. In consideration of a salary of $25 per month, to be paid him for his services as driver of the bus, Halbert covenanted to "use every care and precaution in the way of protecting the children transported, and to maintain order and discipline at all times, and to treat the children kindly and impartially." There were other covenants in the contract not necessary here to state, because it is not claimed that any one of them, except the one quoted, was breached. To insure the faithful performance of his contract, a bond in the penal sum of $2,000, and conditioned as required by the article of the statutes above referred to, was executed by Halbert, as principal, and the Home Indemnity Company, as surety. On the afternoon of March 30, 1932, while Halbert was engaged in making his regular round delivering the children to their homes, James Marion Lewis, a child 7 years of age, fell from the bus in such position that the rear wheel thereof ran over his head and killed him instantly. This action was brought by the parents of the deceased child against Halbert for $4,100 damages, and against Home Indemnity Company for $2,000, the penal sum of the bond executed by it. No question is presented regarding the right of appellants to maintain a suit on the bond, or as to the propriety of joining the surety company as a party defendant in a suit against Halbert for damages. Our opinion will, therefore, not imply any holding with reference to these questions.

Three special issues were submitted to the jury, the first being: "Do you find from a preponderance of the evidence that the defendant Lynn Halbert exercised that degree of care and precaution for the safety of James Marion Lewis upon the occasion in question that he was obligated to exercise under the terms of his contract for the transportation of the pupils of Conaway School District in the school bus?" To this issue the jury answered "Yes." This issue misplaced the burden of proof, but, since appellees had judgment below, they do not present the question here.

Special issues Nos. 2 and 3 were on proximate cause and damages, but the jury did not return answers thereto, for the reason that it was instructed not to answer same if it answered special issue No. 1 "Yes." On this verdict judgment was entered that appellants take nothing, and this appeal followed.

Appellants' brief contains six assignments of error, which will be considered in their order.

██ The first two assignments are regarded by appellants as presenting the question that the answer of the jury to special issue No. 1 was contrary to the uncontradicted and undisputed evidence. We doubt whether they should be held sufficient to present that question, but will so regard them. A careful consideration of the statement of facts convinces us that these assignments are without merit. The issues were submitted in the exact language requested by appellants. No objections whatever were made to same by appellants, nor were any other issues than those submitted requested by them. We are unable to discern from appellants' brief just wherein it is claimed that Halbert violated the duty imposed on him by his contract. The bus was not in a good state of repair, and was apparently not adequate for the transportation of the many children attending this school, but for this the driver was not responsible. By the terms of the contract between him and the school board, the latter agreed to furnish the bus and to provide for necessary gas, oil, and repairs, and, if it be concluded that the bus was unsafe, that would not authorize, and certainly would not compel, a finding that Halbert did not exercise that degree of care and precaution for the safety of the children required of him by the terms of his contract. The evidence discloses that Halbert was very careful in placing the children in the bus and in warning them against the danger of moving around while it was in motion. There is some evidence that the child was seated on the floor on the open side of the bus with his feet resting on the running board, but this evidence is contradicted. The same witness who gave that testimony later testified that he was standing up at the time he fell off. We are, therefore, left without any information as to the cause of his falling. There is no evidence that Halbert knew where the child was at the time, or that he could have known without keeping a constant watch over him. To have done this would have imperiled the lives of all the children, for a driver cannot safely operate a bus unless he watches the road ahead. Our view of the testimony is that it not only falls

short of establishing as a matter of law that Halbert breached his duty, but that, on the contrary, it preponderates in favor of the jury's answer.

■ Assignments 3 and 4 complain of the action of the trial court in refusing to give in charge to the jury appellants' requested special charges Nos. 1 and 2 as follows:

"No. 1. You are instructed in this case that the defendant, Lynn Halbert, was under the legal duty to use every care and precaution from injury of the minor James Marion Lewis. Therefore, if you believe, from a preponderance of the evidence, that the defendant Lynn Halbert, knowingly permitted said James Marion Lewis to sit in the open doorway of the school bus in which said James Marion Lewis was being transported; or could have known of such fact by use of the care imposed upon him by his contract and if the said Lynn Halbert, knowing the tender age of said James Marion Lewis, failed to warn him of the danger of his position and allowed the said James Marion Lewis to sit in such doorway while said bus was in motion, and the said James Marion Lewis was injured by falling out of said doorway, and was thereby injured, as alleged by plaintiffs, then you should find for the plaintiffs in this cause.

"No. 2. In this case you are instructed that the plaintiffs have established a prima facie case against the defendants if they show that James Marion Lewis was injured by falling out of the open doorway of the school bus while being transported as a pupil of the Conaway school, without fault on the part of said James Marion Lewis in such case there is a presumption that the accident was caused by the negligence of the defendant Lynn Halbert and the duty is then upon the defendant to show that the accident happened from inevitable accident or from some causes beyond the power of human care or foresight to prevent."

Clearly, these were general charges on the law of the case, and it is well settled that it is error to give the jury such charges when the case is submitted upon special issues. This court has considered this question many times, and in the cases of Standard v. Texas Pacific Coal & Oil Co., 47 S.W.(2d) 443, and Texas & Pacific Ry. Co. v. Foster, 58 S.W. (2d) 557, we collated many cases on the subject. We deem it a sufficient disposition of this question to refer to those two authorities. We do not pass on the question of whether these general charges correctly stated the law applicable to the case had it been submitted upon a general charge instead of upon special issues.

■ ■ The fifth assignment of error complains of the argument of counsel. The bill of exceptions does not undertake to quote the exact language employed by the attorney, but does disclose that this occurred:

"While counsel for the defendant, The Home Indemnity Company, was arguing with the jury in this case, said counsel was contending in his argument that Issue #1 should be answered 'Yes'. Counsel had the charge in his hands and read it in connection with the contentions he was making, and argued to the jury that they, in considering the facts, should measure Halbert's conduct by what would have been the conduct of a man of ordinary prudence, using the expression, 'the average man, so to speak', under the conditions and circumstances that existed in connection with the operation by Halbert of the bus. Counsel also insisted in said argument that under all the facts and circumstances of the case, the defendant, Halbert, did the best he could with what he had to work with.

"Be it further remembered that, neither the plaintiffs nor the plaintiffs' attorneys, made any objections to the above statements, and argument, at the time same were made."

It is contended that the effect of this argument was that Halbert was obligated to exercise only ordinary care for the safety of the children, and that his conduct was that of a man of ordinary prudence. We do not so interpret the argument, and do not regard same as improper and objectionable. But, if we are mistaken in this, it is clear that it was not an argument of such nature as that its harmful effect, if any, could not have been removed by an instruction from the court, had timely exception been taken thereto. It is the general rule that objection to improper argument of counsel should be made at the trial, and not presented for the first time in a motion for a new trial. An exception to this general rule has been announced in cases where the argument is highly inflammatory and prejudicial, and of such nature that any effort to have the remarks withdrawn would accentuate their import, but certainly the argument herein complained of does not fall within the exception. 3 Tex. Jur. § 147, pp. 222–224.

■ The sixth assignment of error complains of misconduct of the jury. In the hearing upon appellants' motion for new trial, only one juror testified, and this is all the testimony given by him: "In discussing the condition of the school bus, someone in the jury room suggested that it was the duty of the school trustees to keep the bus in good and safe repair, and that the reason that they had not repaired it, was probably, that they were out of money and did not have anything to repair it with. Someone in the jury room also mentioned the amount that Lynn Halbert was getting for driving the school bus, and stated that Lynn Halbert could not have kept the bus in repair on $25.00 per month, and make any money out of the job. We figured Halbert did the best he could with the bus in the shape it was."

This is no evidence of misconduct. It is

merely a picture of the mental processes employed in making deductions from the evidence. If this were condemned as improper conduct on the part of the jurors, it is doubtful if they could ever properly arrive at a verdict in a closely controverted case. Appellants seem to construe this testimony as disclosing that the jury received other testimony than that given upon the witness stand, but in that construction we do not concur. The evidence discloses that it was the duty of the school trustees to keep the bus in repair, and that Halbert received a salary of $25 a month as driver. The deduction that probably the school board did not have sufficient money to keep the bus in repair is not the statement of a fact purporting to be within the knowledge of the juror, but rather it is a deduction designed to throw a mantle of charity over the conduct of the board in what appeared to be a violation of its duty.

We have considered and overruled each assignment of error presented. It follows, therefore, that the judgment of the trial court should be affirmed. It is so ordered.