## WEATHERFORD v. COFFIN.
### No. 13602.

Court of Civil Appeals of Texas. Dallas. March 23, 1945.

Rehearing Denied April 20, 1945.

Will R. Saunders, of Dallas, for appellant.

Callaway & Reed and O. D. Montgomery, all of Dallas, for appellee.

LOONEY, Justice.

The appellee, Francis S. Coffin, brought this suit against Lee Weatherford, the appellant, to recover damages and reasonable attorney's fee, as authorized by the Emergency Price Control Act of 1942, 50 U.S.C. A. Appendix § 901 et seq., adopted by Congress as a war measure to stabilize prices and prevent unwarranted speculation and abnormal increases. Appellee alleged in substance that appellant conducted a business in the City of Dallas under the trade name of "Lee's Stove Shop"; sold to consumers secondhand or used household goods and appliances, including washing machines; that about September 1, 1943, appellee purchased from the appellant a secondhand or used washing machine for domestic use, paying therefor $90, the price exacted, which was $57.50

in excess of the applicable maximum price for such machine as set forth in Price Regulation No. 372, C.F.R., Title 32, Chapter 11, Part 1380, effective May 3, 1943, issued by the Office of Price Administrator pursuant to the Act of Congress just mentioned. Appellant answered simply by a general denial. The case was tried without a jury; findings and conclusions were filed, in which, after describing the washing machine involved, the court found that the machine belonged to Class "C", as set forth in Price Regulation No. 372 heretofore mentioned; that the maximum price for same was $32.50; that the price exacted by appellant and paid by appellee was $90, being $57.50 in excess of the applicable maximum price; that by reason of the facts, appellee was entitled to recover treble the overcharge and, in addition, $50 as reasonable attorney's fee; total $222.50, for which the court gave appellee judgment against the appellant, who duly excepted, gave notice of and perfected this appeal.

■ Appellant contends that the proof wholly failed to show the maximum price fixed by the Price Administrator for the type of washing machine involved, and that the court below erred in taking judicial knowledge of such regulation. We do not think so. The regulation in question is No. 372, published in "Federal Register", Vol. 8, No. 83, Part 1380, at pp. 5533-5536.

A recent Federal Statute, 44 U.S.C.A. § 307, provides that "The contents of the Federal Register shall be judicially noticed and, without prejudice to any other mode of citation, may be cited by volume and page number." (Cited in appellee's brief, p. 3). Also see Hall v. Chaltis, D.C.Mun. App., 31 A.2d 699; McCormick and Ray's Law of Evidence, Sec. 84, p. 142; Minardus v. Zapp, Tex.Civ.App., 112 S.W.2d 496, 499.

■ Appellant also contends that the evidence failed to connect him with the business conducted under the trade name of "Lee's Stove Shop", or with the sale of the washing machine. In regard to this matter, the trial court concluded as follows: "Since the cancelled paid check was in plaintiff's possession, was delivered to the person from whom the machine was purchased at defendant's place of business and purported to be endorsed 'Lee's Stove Shop by Lee Weatherford', there is presumptive evidence that the defendant received the amount of said check in pay-

ment of said machine, in the absence of any testimony from him that he did not receive it. Furthermore, since defendant offered to return to plaintiff the sum of $90.00 and to take back the machine when plaintiff made complaint to him, there is conclusive evidence in the record that defendant received the payment of the purchase price on the check introduced in evidence." The evidence, in our opinion, authorized these findings, and the conclusion reached was correct.

 Appellant insists that the court erred in admitting in evidence the returned paid check, endorsed by "Lee Weatherford" for "Lee's Stove Shop", payee in the check, because his signature was not proven.

This suit was not based upon appellant's endorsement of the check; it was introduced merely as a circumstance tending to connect appellant with the transaction. We think it was properly admitted, and, in the absence of denial or explanation by appellant, was sufficient to identify him as the person conducting the business named "Lee's Stove Shop" and as having made the sale.

Finding no error, the judgment below is affirmed.