**MARTIN v. BURCHAM.**

No. 14847.

Court of Civil Appeals of Texas.
Fort Worth.

June 6, 1947.

Rehearing Denied July 11, 1947.

808

Martin, Moore & Brewster and Harris Brewster, all of Fort Worth, for appellant.

J. O. Hughes, of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff J. D. Burcham brought this suit against defendant, A. L. Martin, doing business as L. & L. Motor Sales, to recover damages and reasonable attorney's fee under the Emergency Price Control Act by the Congress in 1942, 50 U.S.C.A.Appendix, § 901 et seq.

The immediate suit grew out of the purchase by plaintiff of a second-hand automobile from defendant, in which it is alleged that he paid defendant $294.24 above the ceiling price on such automobile as fixed by the Office of Price Administration. Plaintiff sought recovery of three times the amount of the overcharge and reasonable attorney's fees of $275.

Defendant answered by a general denial only. Trial was to a jury on special issues. The verdict was substantially as follows: (1) The ceiling price was $784.07. (2) Defendant sold the car to plaintiff at a sum greater than ceiling price. (3) The amount for which the car was sold exceeded the ceiling price by $210.93. (4) Plaintiff paid defendant for the car $700 in cash besides the amount of a note executed by plaintiff at the time. (The testimony discloses without dispute that defendant received $295 from the proceeds of the note.) The instruction given in connection with Special Issue 5, along with the issue, read: "You are instructed that where the seller has charged the buyer a price above the ceiling price you may allow to the buyer an amount of money not more than three times the amount of the overcharge, as in your discretion you may determine. Bearing in mind the foregoing instruction, * * * what amount of money, if any, do you allow in this case to the plaintiff?" Answer, "632.79." Conditioned upon an answer in dollars and cents in response to Issue No. 5, Issue No. 6 found a reasonable attorney's fee to be $140. All answers except that to Issue No. 5 were upon a preponderance of the evidence, and therefore we have quoted that issue and the instruction given in connection with it, and shall mention it later.

Judgment was entered on the verdict for plaintiff in the sum of $772.79. Motion for new trial by defendant was timely filed and overruled. Exceptions were taken, and notice of appeal given and perfected. The record is before us for review.

The testimony of plaintiff and his witnesses, throughout, shows that defendant sold him the car at $995 and that he paid that amount. The testimony of defendant and his witnesses is equally positive that the sale was for $760 and that is all that plaintiff paid. The material testimony in the case is just as conflicting as it can possibly be. The testimony is abundantly sufficient to support the jury verdict, provided the testimony concerning the ceiling price was competent. We shall notice this later.

Points of Error 1 and 2 relate to the same matter and are briefed together; they are substantially: (1) Error in refusing to submit defendant's requested instruction to the effect that if the jury found that there was an overcharge but that it was neither willful on defendant's part nor the result of failure by him to take practicable precautions against its occurrence, the jury could not award damages greater than the overcharge; and (2) If there was an over-

charge, was it made willfully and the result of the failure of defendant to take practicable precautions to avoid its occurrence.

U.S.C.A.Appendix Title 50, § 921(a) of the Emergency Price Control Act creates the Office of Price Administration (OPA) and provides for an Administrator and his duties. Subdivision (d) provides that the Administrator can promulgate such rules, regulations and decrees deemed necessary by him for its enforcement. By Subdivision (e) it is provided that the administrator shall exercise the power and authority of making regulations only by formal written orders or regulations which shall be promptly published in the Federal Register.

By Title 44 U.S.C.A. § 305, it is provided that all documents and decrees required to be published in the Federal Register shall be judicially noticed.

The enforcement provision of violations of the Office of Price Administration is found in Title 50 U.S.C.A.Appendix, § 925(e) and in so far as is necessary to quote, reads: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price * * * the person who buys such commodity for use or consumption other than in the course of trade or business may * * * bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, * * * upon which the action is based as the court in its discretion may determine, or (2) * * *. Provided, however, That such amount shall be the amount of the overcharge * * * if the defendant proves that the violation of the regualation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. * * * "

As we construe the provisions of the OPA Act, the Administrator is authorized to sue and collect the penalties for its violation except in cases where the purchaser may do so. In the latter class is a buyer who purchases a commodity for use or consumption "other than in the course of trade or business." In view of the disposition we are making of this appeal, we think it proper to note just here that plaintiff's petition does not bring him within the class authorized to prosecute such suit; but there were no exceptions taken to the sufficiency of the pleadings and of course no point is made of it here; this requires no further notice.

Points of Error 1 and 2 under consideration involve the provision found in the "Provided however" portion of Sect. 925(e) quoted above. Defendant complains because the court refused to submit that part of the Act. We have already pointed out that defendant's answer consisted only of general denial. As we construe Section 925(e) and that part especially applicable to the points involved here, it presents only a defensive matter in the nature of. a confession and avoidance or at most an affirmative defense to a recovery of the treble damage item, and to be available, must be pled. Rule 94, Texas Civil Procedure. Defendant relies upon his affirmative testimony which negates any violation of the Act to support the theory that if there was a violation of the Act, it was neither willful nor the result of a failure to take practicable precautions against its occurrence. If it could be said that such testimony tends to support his contention in the absence of a plea to base the contention upon, it was not a proper issue of fact for jury consideration. Courts will submit the controlling issues made by the written pleadings and the evidence. Rules 67, 277 and 279, T.R. C.P.; also Ellzey v. Allen, Judge, Tex.Civ. App., 172 S.W.2d 703.

Points 3 and 4 are closely related and are briefed together and we shall so consider them. They are, in effect: (a) Error of the court in admitting the testimony of witness Smith, OPA Supervisor in this area, in which the witness testified to the ceiling price fixed by OPA on the secondhand automobile in controversy; and (b) Error in overruling defendant's objections to his testimony.

The asserted errors complained of present a rather unique question. Plaintiff called the witness, who testified as to

his official connection with OPA in this area and said he was acquainted with the maximum ceiling prices as fixed by OPA on automobiles at Fort Worth, Texas, and knew the source of such regulations and the authenticity of the Federal Register, Vol. 10, No. 178, which, he said, contained Maximum Price Regulation (MPR) 540, which MPR 540 fixes the ceiling prices on such automobiles as that in controversy. He did not know of his own knowledge independent of MPR 540 the precise amount at which the car was listed since there were perhaps 5000 cars and different conditions affecting the maximum price, such as model, equipment of extras, such as radio, heater, and "as is" or with warranty by the seller. That to ascertain the ceiling price he had to take into consideration the facts with reference to these things, certain discounts, and then consult the Federal Register and MPR 540 and calculate the price. Defendant objected to the witness testifying as to the price under these conditions, because it was hearsay; calls for an answer on a question of law or mixed question of law and fact; his answer will be based wholly on the contents of a book, and is not the best evidence; but the best evidence is the contents of the book. Objections were overruled and the witness said the ceiling price of the car as described was $784.07. The Federal Register and MPR 540 were not introduced in evidence. It may be said that a strict construction of the general rules of evidence would preclude one from testifying as to the ceiling price of the car as did the witness. But as we construe the regulations of OPA, made by formal written regulations and printed in the Federal Register, they partake of the nature of "laws" promulgated by the Federal Government. Brown, Adm'r v. Mars, Inc., D.C. 49 F.Supp. 533, reversed on other grounds 8 Cir., 135 F.2d 843, certiorari denied 320 U.S. 798, 64 S.Ct. 368, 88 L.Ed. 481. Our courts will take judicial notice of all public acts and resolutions of Congress and proclamations of the President thereunder. Likewise of Federal Statutes providing for control and operation of railroads and the like during war periods; this includes the orders and regulations of the Director-General or Administrators administering them. 17 Tex.Jur. pp. 171, 172, Sects. 9 and 10; Title 44 U.S.C.A. § 307; Weatherford v. Coffin, Tex.Civ.App., 187 S.W.2d 406, writ dismissed. It follows that in the instant case, where the designated volume of the Federal Register containing the applicable law fixing the ceiling price of the automobile in question was accessible to the court, he could have and it was encumbent upon him to take judicial notice of the fixed ceiling price but instead, permitted the witness to make the calculations and testify what that price was, and let the jury find therefrom the ceiling price. There is no contention made by defendant that the price named by the witness under the circumstances was not correct. He did not at any time testify what he construed to be the ceiling price as did a defendant in Motley v. Mielsch, Tex.Sup., 200 S.W.2d 622. It has been held in this state that questions of law and those matters of which the court shall take judicial cognizance should not be submitted to the jury; however, if done and the answer of the jury is correct, the error is harmless. 41 Tex.Jur. 1031, 1033, Sect. 230.

■ It is incumbent upon one appealing from an action of the trial court to show that error was committed. No effort was made in this case to show what the real ceiling price of the car was at the time, nor to in any way show that the price fixed by the witness from the provisions of the Federal Register was not correct. We see no reversible error in the points as presented. Point 5 relied upon by defendant complains because the court excluded his wife from the court room and placed her under the rule with other witnesses during the trial, until she was called to testify in defendant's behalf.

This point is presented by an elaborate bill of exception taken at the time of the action by the court in response to plaintiff's request "for the rule." Defendant informed the court at the time the rule was invoked that his wife was an important witness upon the highly controverted issues of fact involved; that at the time of the sale the witness was his secretary, was present at all times while the sale was being made, heard all conversations between the parties, saw defendant cash a check for

$700 for plaintiff and give him the money on it, that the check would be in evidence and was claimed by plaintiff to be a cash payment on the automobile when in fact it was not, and that the witness wrote up all necessary papers in connection with the sale, and because she was needed by counsel for defendant to advise with him during the trial to properly develop the testimony and cross-examine opposing witnesses. The bill of exception further shows that while the witness was not married to defendant at the time of the transaction in controversy, she and defendant were subsequently married and that she was the wife of defendant at the time of trial.

Prior to the adoption of the Rules of Civil Procedure in this state, we had no statutory provision for placing witnesses "under the rule" in civil cases, but was enforced by order of the trial courts in virtue of a custom and a heritage from the common law. 44 Tex.Jur. 1088, Sect. 112. Rule 267, T.R.C.P., effective at the time of this trial, provides for the court to place witnesses under the rule upon the request of either party. However, that very rule provides that neither party shall be placed under the rule. We need not go further in a discussion of the equitable and plausible reasons urged by defendant as to why his wife (who previous to her marriage with him was his secretary) should be excused from the rule to assist him in conducting his defense.

It is quite obvious to us that this suit jeopardized the community interest of the wife with that of the husband. While she was not named in the suit as a party, yet her real interest is as apparent as if she had been made a party defendant. A judgment against defendant in the case, for all intents and purposes, was one against her to the same extent that it would be against her husband defendant. She was in the eyes of the law a party defendant, and under the language of Rule 267, T.R.C.P., she could not legally be excluded from the court room and be placed under the rule as a witness. Sanders v. Lowrimore, Tex.Civ.App. 73 S.W.2d 148, reversed on other grounds, 129 Tex. 563, 103 S.W.2d 739; Armstrong Packing Co. v. Clem, Tex.Civ.App., 151 S.W. 576, writ refused. The discretion of the court allowed by the law, and a consideration of its abuse, is applicable only to witnesses who are not parties to the suit. In any event it would be very difficult to demonstrate that the exclusion of such a party from the court room during trial probably worked a hurt to complainant. In this case defendant lost and it could hardly have been worse. We do not base our conclusions in this particular case upon a finding of abuse of discretion by the trial court; we think he had no discretion to be exercised in the matter. The point of error will be sustained.

Sixth and last point of error presented by defendant challenges the manner in which special issue No. 5 and the charge in connection therewith were submitted. We quoted the charge and issue in the early part of this discussion. The attack on the charge and form of the issue consists of a failure of the court in the formation of the issue in not placing burden of proof on plaintiff and in not requiring that it be answered from a preponderance of the evidence. In subsection (1) of Section 925(e), supra, we find a provision which controls the amount of recovery in cases of overcharge. We construe this provision to mean that where an overcharge is established the court has the discretion to award a recovery for not more than three times the overcharge. Of course if a jury be demanded upon the trial, the jury sets the amount of recovery. It is essential, however, that the amount of the overcharge, if any, be determined by the jury from a preponderance of the evidence. This was done in the instant case. The discretionary matter of awarding three times the amount of the overcharge, when thus found, in such cases as this, could not be founded upon a preponderance of the evidence. We can scarcely perceive of how such a discretion could be limited by a charge requiring a preponderance of the evidence to sustain it. The jury's answer is no more than the assessment of a penalty measured by the fact that was determined from a preponderance of the evidence. In such circumstances, the jury had the power and authority to assess the penalty at any amount not to exceed three times the amount found by them, from a preponderance of the evi-

812

dence, to have been overcharged. Defendant cites in support of his contention, case of Maryland Casualty Co. v. Howie, Tex.Civ.App., 94 S.W.2d 220, writ dismissed. We think that case adds nothing to the point here involved. There it was held that the right of a party to have issues answered from a preponderance of the testimony was a valuable one, and the mere general charge given in connection with special issues to the effect that their answers to issues thereinafter set out should be from the facts found from a preponderance of the testimony did not protect the rights of the complaining party. As previously indicated by us, we hold that there was no burden of proof involved in the discretionary matter submitted to the jury and there was no necessity for, nor place in the issue for the restriction of answering it from a preponderance of the testimony. The point is overruled.

For the error of the court complained of in Point 5 above, which complains of putting the wife of defendant, who was also a witness, under the rule, the case must be reversed for another trial. Reversed and remanded.