## LINGNER et ux. v. SMITH.
### No. 11915.

Court of Civil Appeals of Texas. Galveston.

Oct. 23, 1947.

Rehearing Denied Nov. 13, 1947.

Bernard A. Golding, of Houston, for appellants.

C. M. Wilchar, Jr., and R. C. Patterson, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 55th District Court of Harris County, entered in part upon conclusions and findings of the Court itself, and in part upon a jury's answers to 2 special issues submitted to it, in material substance as follows:

"The court being of the opinion that the evidence and the law are in favor of plaintiff, * * entered * * a finding that —as a matter of law—an overcharge existed, and that plaintiff is entitled to recover judgment. '

"Thereupon, * * * the court submitted the following issues * * to the jury:

"No. 1. From a preponderance of the evidence, what do you find to be a reasonable attorney's fee for service rendered by plaintiff's counsel to plaintiffs in this cause?

"Answer by stating the amount.

"In an action such as this, the landlord shall be liable for an amount in the discretion of the jury, not less than the amount of the overcharge, $420.00, and not more than three times the amount of the overcharge, $1,260.00.

"Issue No. 2. From a preponderance of the evidence, what do you assess as the amount of liability of the defendant for the overcharge?

"Answer by stating the amount.

"To which special issues, the jury returned the following answers:

"To Special Issue No. 1, $500.00;

"To Special Issue No. 2, $500.00.

"It is therefore, * * * decreed by the court that the plaintiff, T. O. Smith, do have and recover of and from defendants, John Lingner and Anna Lingner,

646

jointly and severally, his damages in the sum of $500.00, and * * * his attorney's fees in the sum of $500.00."

Appellee T. O. Smith, as plaintiff, had filed the suit November 15, 1945, against appellants John Lingner and wife, as defendants, seeking a return of alleged rent overcharges of $420 upon certain premises in the City of Houston, together with damages as claimed to have inured to them, under 50 U.S.C.A.Appendix, War, § 901 et seq., and § 925, which charges and penalties the appellants resisted.

As presaged, in the $1000 aggregate so adjudged by the Court in appellee's favor, the Court determined, after the evidence for both sides had been closed, that the appellee had made out his case for the overcharge, as alleged, which it so fixed, but it referred the other features—that is, the 2 other benefits, penalties or damages, allowed by the cited Federal Statutes to renters for overcharges by their landlords —to the jury.

In protest here against the judgment so adverse to them below, the appellants make no objection to the $500 so allowed the appellee for attorney's fees, but assail the allowance of the $500 so allowed as penalties or damages, under Issue No. 2, in these Points of Error:

"(a) There was misconduct on the part of the jury prejudicial to Appellants because they considered, before arriving at their verdict:

"1. Moving expenses and other expenses presumed to have been incurred by Appellee in moving from the premises rented to him by Appellants.

"2. That notwithstanding the fact that Appellee's pleadings restricted recovery to an overcharge predicated upon competent evidence, and no evidence was offered or received relating to expenses in moving from one premises to another, the jury decided to award an additional sum for 'moving expenses'.

"(b) The Trial Court entered judgment based upon evidence which was inherently incompetent, without probative force and which cannot support a verdict nor a finding of fact nor form the basis of finding of fact in an Appellate Court."

The appellee's Counter-Points are these:

"Point One—There was no misconduct on the part of the jury in this case.

"Point Two—If any misconduct existed in this case, same can be cured by requiring appellee to file a remittitur of $80.00.

"Point Three—The trial court entered a proper and correct judgment, upon sufficient evidence, properly adduced."

After a review of the record, this Court concludes that neither of appellants' assignments can be sustained.

Their relied-upon complaints of misconduct were based upon very frank statements of three of the jurors upon the Motion for New Trial, the substance of each of whose testimony, upon cross-examination, was this: That they allowed $80 for moving expenses, having considered that plaintiff, T. O. Smith, had been damaged, and that he should be reimbursed for his moving expenses, caused by the actions of defendants. Plaintiff T. O. Smith, himself, had testified that appellants had forced him to move. Each of such jurors stated that they were all agreed upon this allowance of $80, and that the amount so allowed approximated the moving expenses, which "anyone," as they expressed it, would have to pay in moving from one place to another. They further stated that, as they regarded the situation, this was in the nature of damages caused to the appellee.

Neither of the appellants themselves testified, nor were any other witnesses offered in their behalf, except their daughter, who, among other things, joined the appellee in testifying that the latter had moved from the premises.

Without detailing it further, it is concluded that what has been thus summarized was sufficient evidence from which the jury were authorized to consider and to find, as a matter of common knowledge and general experience in such circumstances so dealt with, that the appellee had been subjected to the payment, or at least to the incurring of expenses for so moving, and that the small sum of $80 was not an unreasonable allowance therefor.

Without further discussion, it is thought that our authorities support the conclu-

sions, contrary to the appellants' contention, that the jurors were not beyond their proper province in so applying matters of common knowledge and ordinary experience to their fixing of a reasonable damage-charge for the benefit of the appellee; that is, they were entitled to assume that it is a matter of common knowledge that one who is compelled to move his household goods from one locality to another in these modern days, at least, has necessary and inescapable expenses in connection therewith, which he must assume or pay for; indeed, in this instance, since the Federal Statute allowed 3 times, or $1260, as a penalty, the jury presumably might have assessed the difference between that sum and the overcharge the Court found at $840. However, so far as appears from the record of the testimony, they did not go to any such extent, but merely in their own way sought to reimburse the appellee for his moving expenses alone as a penalty, for what the Court had found was the action of the appellants in having ignored the cited Federal Statute regulating such rents. See: Blue Diamond Motor Bus Co. v. Hale, Tex.Civ.App., 69 S.W. 2d 228; Funk & Wagnall's New Standard Dictionary, Page 1826; Gillette Motor Transport Co. v. Whitfield, Tex.Sup., 200 S.W.2d 624; Lewis v. Halbert, Tex.Civ. App., 67 S.W.2d 430; Martin v. Burcham, Tex.Civ.App., 203 S.W.2d 807; Maryland Casualty Co. v. Hearks, Tex.Sup., 190 S.W. 2d 62; 50 U.S.C.A.Appendix, § 925 et seq., as amended June 30, 1944, and as amended July 25, 1946; Words and Phrases, Perm. Ed., Vol. 31, p. 634.

In the next place, this Court agrees with the appellee in holding that the evidence was both sufficient and properly adduced to support the judgment rendered, exclusive of the stated findings of both Court and jury.

■ While, as indicated, the appellants presented only one witness in support of their defenses, the case was fully developed by the appellee, as so plead by him by his introduction of full testimony in support of all his material declarations as to his cause of action. In other words, the testimony was clear—and even undisputed—

that the appellants had received the sum of $65 per month for the premises so rented from them by the appellee; indeed, they admitted as much, but entered as their sole defense a claim that $20 of it per month had been paid for certain alleged "services" rendered by them to the appellee in connection with the use of the premises. This issue was found by the trial court after hearing the testimony from both sides against appellants in its having determined that an overcharge of $420 had been made. There has clearly been no showing made in this record that such finding by the Court was not fully sustained by the testimony before it. These authorities are cited as supporting the holding as to the sufficiency of the evidence: Martin v. Burcham, Tex.Civ.App., 203 S.W.2d 807; O.P.A. Document No. 58272 (Plaintiff's Exhibit No. 5); Rule 184a, Vernon's Texas Rules of Civil Procedure.

These conclusions require an affirmance of the judgment. It will be so ordered.