## FULLER v. MINTER.

### No. 12021.

Court of Civil Appeals of Texas. Galveston.

Nov. 3, 1948.

Bernard A. Golding, of Houston, for appellant.

C. B. Stanley, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, J. M. Minter, to recover from appellant, Harry T. Fuller, damages and reasonable attorneys' fees under the Emergency Price Control Act by Congress of 1942, 50 U.S. C.A.Appendix, § 901 et seq., growing out of the alleged sale to appellee of a used motor vehicle at a price alleged to have been in excess of the maximum figure permitted and authorized by the regulations of the Office of Price Administration. Appellant answered by a general denial and by an alternative plea that, in the event it was found that he had charged a sum in excess of the ceiling price prescribed by OPA regulations, his action in so charging was not wilful.

In answer to special issues submitted, a jury found in substance, that appellant had knowingly and willingly charged appellee the sum of $531.00 in excess of the ceiling price permitted by OPA regulations in the sale of the automobile in question. That the ceiling price of said automobile if sold without a dealer's warranty at the time of the sale was $864.00, and that appellant had failed to furnish appellee a dealer's warranty at the time of the sale. The jury

found that by reason of these facts, appellee was entitled to recover treble the amount of the overcharge, the sum of $1250.00, and the trial court found that, under the facts proved, appellee was entitled to recover as an attorney's fee the additional amount of $350.00. Judgment was rendered in favor of appellee in the total sum of $1600.00.

Appellant bases his appeal on three points of error which, in effect complains that there was no evidence in the record to support the finding of the jury as to the ceiling price of the motor vehicle at the time it was allegedly sold and on which the court's judgment was based, and that appellee had failed to discharge the burden of establishing that said automobile was sold for a price in excess of that prescribed by the Federal Statutes. He contends that the contents of the Federal Statutes may not be judicially noticed without proof of some character of their provisions.

The controlling question presented in the appeal is whether the trial court could have properly taken judicial notice of the provision of Maximum Price Regulation No. 540 entitled Maximum Prices for Used Passenger Vehicles promulgated by the office of Price Administration under the Executive Orders of the President published in 10 Federal Register No. 178 at page 11556 et seq.

U.S.C.A.Appendix, Title 50, § 921(a), section 201(a) of the Emergency Price Control Act created the office of Price Administration (OPA) and provided for an administrator and his duties. Subdivision (d) thereof provides that the administrator can promulgate such rules, regulations and decrees as are necessary to him for its enforcement. Subdivision (e) thereof provided that the administrator shall exercise the power and authority of making regulations only by formal written orders or regulations which shall be promptly published in the Federal Register. By title 44 U.S.C.A. § 307, it is provided that all documents and decrees required to be published in the Federal Register shall be judicially noticed.

The enforcement provision of violation of the Office of Price Administration is found in Title 50 U.S.C.A.Appendix, § 925(e) and insofar as is necessary to quote; reads: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price * * * the person who buys such commodity for use or consumption other than in the course of trade or business may * * * bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, * * * upon which the action is based as the court in its discretion may determine, or (2) * * *. Provided, however, That such amount shall be the amount of the overcharge * * * if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. * * *" Martin v. Burcham, Tex.Civ. App., 203 S.W.2d 807.

The Emergency Price Control Act, 1942, the Executive Orders issued pursuant thereto and the Maximum Price Regulations No. 540 which form the basis of this cause of action, as well as the fact that they were duly publicized in the Federal Register, are cited in appellee's pleadings. It was established on the trial by the testimony of both appellant and appellee that the automobile in question, a 1941 Ford Super Deluxe Tudor, was sold by appellant to appellee in December, 1945. The jury found on sufficient testimony that appellant had failed to furnish to appellee a dealer's warranty in writing at the time of the sale and appellant admitted without objection, and the jury found, that the ceiling price of the automobile sold without a warranty was $864.00. The phrase "used car" was used in various connections during the testimony of the cause and at no time in the trial did appellant contend that the automobile was not a used car or that the maximum ceiling price of the automobile when sold without a warranty was any sum other than the sum of $864.00 which

was found by the jury to have been the ceiling and which was used by the court as a basis for the judgment rendered.

 It is the uniform rule in this state that the courts of the state, trial and appellate, shall take judicial notice of the acts of Congress. Mims v. Swartz, 37 Tex. 13; Missouri, K. & T. R. Co. of Texas v. Wise, 101 Tex. 459, 109 S.W. 112; First National Bank v. First State Bank of Jacksonville, Tex.Com. of App., 291 S.W. 206.

In the case of Minardus v. Zapp, Tex. Civ.App., 112 S.W.2d 496, it is said, State courts take judicial notice of the rules of federal executive departments, the rules and regulations of federal boards and commissions and regulations of the United States Army. In this case the question involved the judicial notice of the contents of a judicial bulletin of the United States setting forth rules and regulations for the governing of CCC camps and the men enlisted therein. The court in its opinion said, "It is generally held that state courts must take judicial knowledge of proclamations of the President making effective a federal statute; and of the rules and regulations of federal boards and commissions."

In the case of Weatherford v. Coffin, Tex.Civ.App., 187 S.W.2d 406, 407, Writ of Error dismissed, the court in its opinion said,

"Appellant contends that the proof wholly failed to show the maximum price fixed by the Price Administrator for the type of washing machine involved, and that the court below erred in taking judicial knowledge of such regulation. We do not think so. The regulation in question is No. 372, published in 'Federal Register', Vol. 8, No. 83, Part 1380 at pp. 5533–5536.

"A recent Federal Statute, 44 U.S.C.A. § 307, provides that 'The contents of the Federal Register shall be judicially noticed and, without prejudice to any other mode of citation, may be cited by volume and page number.' (Cited in appellee's brief, p. 3). Also see Hall v. Chaltis, D.C.Mun. App., 31 A.2d 699; McCormick and Ray's Law of Evidence, Sec. 84, p. 142; Min-

ardus v. Zapp, Tex.Civ.App., 112 S.W.2d 496, 499."

In the case of Martin v. Burcham, Tex. Civ.App., 203 S.W.2d 807, 810, which involves maximum price regulation No. 540 and the presentation of evidence similar in many respects to that presented in the instant case, the court in its opinion said: " * * * the Federal Register and MPR (Maximum Price Regulation) 540 were not introduced in evidence. It may be said that a strict construction of the general rules of evidence would preclude one from testifying as to the ceiling price of the car as did the witness. But as we construe the regulation of OPA, made by formal written regulations and printed in the Federal Register, they partake of the nature of 'laws' promulgated by the Federal Government. * * * Our courts will take judicial notice of all public acts and resolutions of Congress and proclamations of the President thereunder. Likewise of Federal Statutes providing for control and operations of railroads and the like during war periods; this includes the orders and regulations of the Director-General or Administrators administering them. * * * It follows that in the instant case, where the designated volume of the Federal Register containing the applicable law fixing the ceiling price of the automobile in question was accessible to the court, he could have and it was encumbent upon him to take judicial notice of the fixed ceiling price but instead, permitted the witness to make the calculations and testify what that price was, and let the jury find therefrom the ceiling price. There is no contention made by defendant that the price named by the witness under the circumstances was not correct. * * * It has been held in this state that questions of law and those matters of which the court shall take judicial cognizance should not be submitted to the jury; however, if done and the answer of the jury is correct, the error is harmless. 41 Tex.Jur. 1031, 1033, Sec. 230." United States v. Lederer, 7 Cir., 140 F.2d 136, writ of certiorari denied, 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568.

The record also reflects the fact that appellant during the trial testified that he

knew at the time of the sale ·that the OPA ceiling price on ·the car was $1080.00 with a warranty, that the ceiling price would have been 25% less without a warranty and that the price with a warranty was based upon the unwarranted ceiling price, plus 25%.

It follows from the above conclusions that the judgment of the trial court must be in all. things affirmed.

Affirmed.