**J.C. BISHOP, Appellant,**

v.

**Lawrence C. WOLLYUNG, Appellee.**

**No. 04–85–00002–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 5, 1986.

Rehearing Denied March 6, 1986.

Will A. Morriss, San Antonio, for appellant.

Richard C. Mosty, Kerrville, Edwin H. White, Rocksprings, for appellee.

Before BUTTS, CANTU, and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an action in trespass to try title brought by the appellee, Lawrence C. Wollyung, against the appellant, J.C. Bishop and John F. Howell. Howell did not appear but was represented by an attorney ad litem. The suit was originally filed by Martha V. Rader, et al., in October of 1968. Trial was to a jury in 1972, after which the court instructed the jury to return a verdict for Bishop. The jury was discharged and the parties ordered to submit judgment forms.

A dispute arose between the parties concerning whether the judgment to be entered should be a take nothing against Rader, et al., or a dismissal without prejudice. No further action was taken in the suit until January of 1982 when a trial setting was noticed by the court clerk. Bishop filed a motion to dismiss the action for want of prosecution. The motion was denied after hearing on May 11, 1982. The trial court then entered judgment on July 19, 1982 that Wollyung take nothing and denying Bishop's motion to dismiss.

Wollyung attempted to appeal from this judgment, but during the 10 year lapse following the jury trial, the court reporter's notes were lost. Wollyung then filed a motion for new trial which was subsequently granted. The original judgment was set aside, and a second jury trial held. Lawrence C. Wollyung was substituted as the sole plaintiff for Martha V. Rader, et al. A second judgment was entered by the court on July 13, 1984. This second judgment awarded title and possession of the subject land to Wollyung. Bishop timely filed a motion for new trial and a motion to re-tax the costs. A third judgment was entered on September 21, 1984, setting aside the second judgment and altering the assessment of costs as made in the second judgment. This third judgment also awards title and possession of the land to Wollyung.

Bishop's first point of error attacks the trial court's exclusion of his wife, Mary Bishop, from the trial by placing her under the rule as a witness. Bishop claims that Mary Bishop was a party at interest since the land involved in the suit was their community property.

TEX.R.CIV.P. 267 provides in pertinent part:

At the request of either party, in a civil case, the witnesses on both sides may be sworn and removed out of the court room to some place where they can not hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under the rule. *Neither party to the suit shall be placed under the rule* ... (emphasis added).

Counsel for Wollyung invoked the rule at the start of trial. Bishop requested that his wife be exempted from the rule because her community property was involved in the suit. Wollyung objected to such exemption and Mary Bishop was excluded from the courtroom.

The evidence at trial established that Bishop is hard of hearing. Bishop contends that he was unable to assist his attorney at trial, and that neither he, with his hearing impairment, nor his wife, because of her absence, were present to fully hear the testimony or assist in the presentation of their case.

Bishop cites us to the case of *Martin v. Burcham*, 203 S.W.2d 807 (Tex.Civ.App.—Fort Worth 1947, no writ) to support his contention that a witness may not be excluded from the courtroom when the law suit jeopardizes that person's community property interest. In *Martin*, the court stated:

It is quite obvious to us that this suit jeopardized the community interest of the wife with that of the husband. While she was not named in the suit as a party, yet her real interest is as apparent as if she had been made a party defendant. A judgment against defendant in this case, for all intents and purposes, was one against her to the same extent that it would be against her husband defendant. She was in the eyes of the law a party defendant, and under the

language of Rule 267, T.R.C.P., she could not legally be excluded from the courtroom and be placed under the rule as a witness.

*Id.* at 811.

In the instant case, Mary Bishop testified that the land involved in the suit was obtained during the Bishop's marriage, and that it was part of the Bishop's homestead property. Thus it is evident that her community property was jeopardized by the lawsuit.

Wollyung argues that Mary Bishop, as indicated by her testimony, knew very little about the lawsuit and was unable to contribute any helpful information. Thus, he alleges that there was no harm in excluding Mary Bishop from the trial, and argues that reversal is not proper unless the error complained of was such a denial of Bishop's rights that an improper judgment was entered. *See* TEX.R.CIV.P. 434.

■ However, we are unable to conclude that Mrs. Bishop's exclusion did not harm the appellant. A party in interest, whether named in the lawsuit or not, may not be excluded from the trial. *Sanders v. Lowrimore,* 73 S.W.2d 148 (Tex.Civ.App.—Eastland 1934), *rev'd on other grounds,* 129 Tex. 563, 103 S.W.2d 739 (1937). This rule is especially true when community property of the absent party is jeopardized. *Martin v. Burcham, supra; accord Casterline v. Burden,* 560 S.W.2d 499 (Tex.Civ.App.— Dallas 1977, no writ) (exclusion of spouse permissible when no community property involved or jeopardized directly).

■ The trial court has no discretion to exercise in excluding a party in interest from the courtroom during trial. As stated by the court in *Martin:*

> The discretion of the court allowed by the law, and a consideration of its abuse, is applicable only to witnesses who are not parties to the suit. In any event it would be very difficult to demonstrate that the exclusion of such a party from the courtroom during trial probably worked a hurt to complainant. In this case defendant lost and it could hardly

have been worse. We do not base our conclusions in this particular case upon a finding of abuse of discretion by the trial court; we think he had no discretion to be exercised in the matter.

*Martin v. Burcham, supra* at 811. In the instant case, Bishop lost on the second trial, where Mary Bishop was excluded. We cannot say that a different result would not occur if this party in interest was permitted to remain in the courtroom. As the trial court had no discretion to exclude Mary Bishop from the courtroom, her exclusion requires reversal.

Bishop's first point of error is sustained, and the case is reversed and remanded for a new trial. Bishop's wife should not be excluded from the proceedings on retrial. *Southern Ice & Utilities Co. v. Richardson,* 128 Tex. 82, 95 S.W.2d 956 (1936).

Our disposition of Bishop's first point of error makes it unnecessary to address his remaining points of error. However, point of error number 29 is likely to present itself before a retrial is had. This point complains of the trial court's failure to dismiss the lawsuit pursuant to Bishop's motion to dismiss for want of prosecution.

As previously noted, the original judgment was a take nothing judgment against Wollyung. Bishop, as the party for whom judgment was rendered, had the duty to prepare the form of the judgment to be entered and to submit it to the court. TEX.R.CIV.P. 305. Although Bishop did prepare a form of the judgment, he took no affirmative steps to compel entry of the judgment when the parties disagreed about the type of judgment to be entered. As reflected by the record before us, neither party took any action for almost 10 years after the initial trial concluded. Bishop then urged the trial court to dismiss the action because Wollyung's predecessors made no effort to prosecute the suit to judgment.

■ Bishop, as the prevailing party in the original action, had the burden to ensure that a judgment was entered. Wollyung's predecessors were empowered to

require the court to enter its judgment. Thus both parties acquiesced in the 10 year delay in entering a final judgment. The decision to dismiss an action for want of prosecution lies within the discretion of the trial court. *Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572 (Tex.1981). As such, its decision will be reversed only upon a showing of an abuse of that discretion. *Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The court is entitled to consider the history of the suit in determining whether a dismissal should be granted. *Gaebler v. Harris*, 625 S.W.2d 5 (Tex.App. —San Antonio 1981, writ ref'd n.r.e.). Since neither party took action to have the judgment entered, we can not perceive an abuse of the court's discretion in refusing to dismiss the lawsuit. We find no error in the trial court's refusal to dismiss the lawsuit.

Point of error number 29 is overruled.

The judgment of the trial court is reversed and the cause remanded for a new trial.